AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**United States District Court** | District EASTERN DISTRICT COURT

| Name | Prisoner No. | Case No. |
|---|---|---|
| NGUYEN LUC VAN | P 18480 | 9358? |

Place of Confinement

SOLANO . C.S.P. 8 - 112L    P.O. BOX 4000 . VACAVILLE, C.A. 95696

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

NGUYEN LUC VAN

v.

I N    PRO    POR    WARDENT- SIR : SISTO

The Attorney General of the State of:

CALIFORNIA . LAWYER : PATRICK S. CONCANNON

**PETITION**    2: 08 CV 1380 JFM

1. Name and location of court which entered the judgment of conviction under attack SUPERIOS OF

SAN MATEO COUNTY

2. Date of judgment of conviction    10 - 6 - 1997

3. Length of sentence    93 years and 8 month

4. Nature of offense involved (all counts) beat people with Rod Cane To

injury , The DISTRICT ATTORNEY say death weapon

and sexual assault .

5. What was your plea? (Check one)
   (a) Not guilty    ☑
   (b) Guilty    ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

**FILED**

**JUN 18 2008**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☑
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☑    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

9. If you did appeal, answer the following:

(a) Name of court   SUPERIOR COURT OF COUNTY SAN MATEO

(b) Result   DENIED

(c) Date of result and citation, if known   _forgot and ...._

(d) Grounds raised   INEFFECTIVE ASSISTANCE OF COUNSEL

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   SUPREME COURT OF CALIFORNIA

(2) Result   DENIED

INEFFECTIVE ASSISTANCE OF COUNSEL

(3) Date of result and citation, if known   _....._

(4) Grounds raised   INEFFECTIVE OF COUNSEL

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court   YES

(2) Result   YOUR CASE MUST FIRST BE REVIEWED BY A UNITED STATES COURT OF APPEAL OR BY THE HIGHEST STATE COURT IN WHICH A DECISION COULD BE HAD, 28 USC 1254 and 1257

(3) Date of result and citation, if known   JANUARY 4, 2007

(4) Grounds raised   INEFFECTIVE

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑  No ☐

11. If your answer to 10 was "yes," give the following
information:
(a) (1) Name of court   U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT

(2) Nature of proceeding   CLERK SAID WRONG COURT

(3) Grounds raised   INEFFECTIVE ASSISTANCE OF COUNSEL

(3)

_____

_____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☑  No ☐

   (5) Result    DENIED

   (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

   (1) Name of court   U.S COURT OF APPEALS FOR THE NINTH CIRCUIT

   (2) Nature of proceeding   APPEAL

   (3) Grounds raised   INEFFECTIVE ASSISTANCE OF COUNSEL

_____

_____

_____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐  No ☑
   (5) Result   SAME ABOVE

   (6) Date of result   SAME ABOVE

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

   (1) First petition, etc.   Yes ☑  No ☐
   (2) Second petition,   Yes ☑  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A.  Ground one: _____

_____

Supporting FACTS (state *briefly* without citing cases or law)  A witness False accusation To tell , I Take a Knife Chop them, why not have a little TRace, or Police see I hold a Knife in my hand.

_____

_____

_____

_____

B.  Ground two: Begin from 1994 - To 1996 I have record mantal health and I was take 20 pill a day with

Supporting FACTS (state *briefly* without citing cases or law): many differenc Kind drug and drug make me So illness, I'm not able to do anything and too tired. how I have power To RAPE Peole and my bodies Impotence , without Sexual Power Power, I Can't believe The DISTRICT ATTORNEY compulsory Charge me 36 Count, Same above from 1994 To 1996 I'm mantle and So illness.

(5)

C. Ground three: When I have to open my mouth, the DISTRICT ATTORNEY say objection, and THE JUDGE and my

Supporting FACTS (state *briefly* without citing cases or law): LAWYER nothing advocate for me' or PROTECT the weakling after that I understand the doom that cannot be escaped. Because in this Country all way to do discriminate the RACE or skin Colour. and any lawyer he say my Case half crime half Politic I'm confuse.

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): Concluding THE JUDGE making MISTRAIL, and sentence my Case with a person 55 years old is 93 years and 8 month, something bury I'm alive in prison. Please remand my Case to Court, I have more detail argument to defend make my Case to clearly.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing    N/A

(b) At arraignment and plea    N/A

_____

(c)  At trial _____ *N / A* _____

(d)  At sentencing _____ *N / A* _____

(e)  On appeal _____ *N / A* _____

(f)  In any post-conviction proceeding _____ *N / A* _____

(g)  On appeal from any adverse ruling in a post-conviction proceeding *N / A*

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑ No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑
(a)  If so, give name and location of court which imposed sentence to be served in the future: *N / A*

(b)  Give date and length of the above sentence: *N / A*

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

*IN PRO. POR*

*nguyenlucky*
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

*6 - 16 - 08*
_____
(date)

*Nguyenlucky*
_____
Signature of Petitioner

THIS is , AT short NOTICE , TOP- SECRET .
I'm is Nguyen Luc VAN , CDC # P18480
Living in SOLANO STates PRISON # 8 - 112 Low
Now I have to report The News serious, NO Joking,
No blackmail, NO Threeatens, im all my words is
inside bottom my heart, I Swear To tell the TRuth
because I have Knowledge about the group of
Terrorism Prepare someday will attack on two
STate in America and destroy two place most
importance, The Target is the ECONOmic , if two
place have been destroys , im America will be
Collapse all life force and cost of living Too
expensive for long time .
Lady and Gentlemen , Please looking at through inside
my Case with my Paper Appeal and let me have go
back To Court, and Reopen my Case for clearly
and I'm Win or lose doesn't matter and after
That I'll to talk more detail more secret about
Mr: Binladen and second hands from him Mr ZAWAHIRI .
Also I will pick up The ECONOMIC , To enter upon a new phase.
because the Lawmaker doing wrong way To make The
ECONOMIC go to slide down .
I'm so regret for people in America build up Those Country
for many year's ago untill Now.
If you or her to have This document on hands , will Read
becareful , and give me reply as soon as possible .
because The time so close , how to remain emotionless
and why wait for bigest HAVOC Coming.
Please see next page

because I just recollection of my lawyer Mr.
Patrick S. Concannon. He said with me, He offer
me nine years for The deal,
but now I have time Served was tens years inside
Prison.
Please let me have a Second Change to help
myself and I will help our people in America Too.

6 - 16 - 08                    SINCERITY

                               Lindy

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

January 4, 2007

Luc Van Nguyen
#P18480
CHSP Solano, #8-112L
P. O. Box 4000
Vacaville, CA 95696

   RE: Luc Van Nguyen v. California

Dear Mr. Nguyen:

The above-entitled petition for a writ of certiorari was postmarked December 13, 2006
and received January 4, 2007.  The papers are returned for the following reason(s):

   Your case must first be reviewed by a United States court of appeals or by the
highest state court in which a decision could be had. 28 USC 1254 and 1257.

Sincerely,
William K. Suter, Clerk
By:

Ruth Jones
(202) 479-3022

Enclosures

<u>on This page : addendum or supplement</u>

AT Summer time 1994 I have a long TRiP to go CANADA, for visited my Sister, on the TRiP I Take my son his name Kosubay To go with me, in my sisTer house, She invite us a banquet, I greedy To eat oyster, but I don't know inside oyster has mercury Poison, when I came back to sanFRancisco. I got sickness But In a big City pay renting too hight, I decided to moving To stockTon city, on October 1994, and I file my case To mantal healthy and I take money from welfare and medical for treatment my Sickness, I sTRong believe my record in welfare have in computer never remove. and The PHarmacy have my record what kind the medicine I take every day aday I have take 20 pill medicine more difference kind from mantal health give me, on That time I am so illness in my hands cannot hold on ten pounds, Why I'm able to do something or making TRouble with Someone. from 1994 To 1996 I was disability, when my son his name TERRY NGuyen he get a Job in South sanFRancisco, I moving back To sanmateo County for my son easy to get home, and I still continue to Take money and medical from County of sanMateo, but one day my worker welfare tell me, must get out programme welfare and get a Job for myself, I sTart small business fishing in MOROs bay far from home 200 miles.

I already To talk with my public dependence lawger but He not practice for me at all. and I have a honest witness, but he not allow to take any witness To go in court, also my evidence The Time I'm illness 1994 To 1996 I can't do anything, because

medicine make me sleep all day and Feeble-bodied because The DISTRICT ATTORNEY Just listen my daughter To Tell a story fake and distort The True .

6 - 16 - 08                    SINCERITY

                              Lucky

DEAR: UNITED STATES COURT. EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO, CALIFORNIA   95814

All of Civilian STRong believe the Law help Protect Them, and The law To Cleaning Society.

hopefully using The law good-natured, "STRaight", never does dodge The law to crooked, and Put People lay on the mud.

If A Country have many Prison, That was very bad policy, Please STopped drived the Law injust or demagogy To Civillian. or drive someone To The wall and never use abuse The Law.

AT present Time in The STates of CALIFORNiA have numerous, Colossal inmates, is Cost nearest #300 a day for Clothe and food a single inmate. assess The damage amount A hundreds millions dollar a day, Please don't make The away harmful Budget. please Look at through in The fact or consider Some Case make over Sentence and realy unfair Some of us is nearly the time to die, with a lot of healthy issues and disability Problems. Please take This situation Cause to be Honest and Sould Let these go out of Prison, it save money budget and avoi doing abused inmate So I regret not Complete more English language To further more detail about happen by The law maker to do wrong in STates of CALIFORNiA.

Please see next page

because some of them embezzle the FUNDS, The Budget to make many FAMILY ruin and Perhap suffer an injustice.

please Let me get The deal, and Remanded my case back to court, and make A new trail. I'll promise, can make money for CALIFORNIA STATES A month about hundreds millions dollar Profit. and I knowledge how pick up The ECONOMIC for AMERICA To prosperous, and clear trouble TERRORISM I'm able to hunting Mr BINLADE and his Second hand, he named ZAWAHIRI.

Please Let me work for Safety AMERICA. because I have to know ZAWAHIRI, he is very dangerous in This Letter I can't say something on Top secret Please come in touching with me, you will get more detail. If you find down I'm liar, you will be charge me To death row.

In Second page, I wrote Vietnames Language because any case had something tangle., Please Find Someone reading good VIETNAMESE Language To Translate to ENGLISH, you or Her will understand more detail.

SINCERITY

3. 26, 08

Nguyen Luky

Kính Thưa Quý Tòa : Tôi tên là Nguyen van luc,
65 Tuổi, đã mười năm ròng TRong nhà Tù của Tiểu
bang C.A, với bao nhiêu nỗi Kinh hoàng do bởi
nền Pháp Luật Kỳ Thị Nhân Loại, The American call
discriminate The skin or inhuman act.

ngày 6 tháng 10 năm 1997 hồi 10 giờ Tối, lý do tôi vì quá
bức tức của con gái tôi Tên là Nguyễn Thi Kim Thoa
The reason, She doing drug, nên Tôi đánh nó bằng cái
roi, gây nên vết bầm tím một vài nơi ở cơ thể nó, sau
đó con TRai tôi Tên là Nguyễn Terry Dường gọi phòne
cho cảnh sát đến Nhà bắt Tôi, con TRai và con gái
Tôi Khai báo những gì cho cảnh sát Tôi Không biết,
Cho đến Khi luật Sư PaTrick S. Concannon, Cho tôi biết
là tôi Phạm tội hiếp dâm con gái Tôi, lúc đó tôi vô
Cùng Kinh ngạc và Tôi tự hỏi làm sao có việc đó,
Tôi nói cho Luật Sư biết là tôi bị bệnh liệt Dường, vì
uống nhiều Thuốc bệnh Thần Kinh, Tôi Không đủ sức
làm tình với phái Nữ. Tôi Có người làm Chứng Nhưng
luật Sư Không có đem lên Tòa, sau đây là Những
bằng Chứng của Tôi, Tên bệnh viện Tôi điều TRi, Tên
Tiệm Thuốc Tôi mua và uống loại thuốc gì, Tên người
TRanstate cho tôi khi bác sỹ ở bệnh viện cần đến
Những luật sư Không có làm gì cho Tôi hết,
Có một lần luật sư nói toà cho tôi một Cái deal
là Chín năm, Nhưng Tôi Không Nhận, Tôi được đưa
ra sử TRail, với bồi Thẩm đoàn.

Continue next page

mười bốn người bồi Thẩm đoàn cũng Không một ai hỏi Tôi
một câu.

Lý do Tôi bị thua vì bên Tòa và và D.A. Cho con gái
Tôi mười ngàn đồng để lên tòa Làm chứng
Tòa đã Kết án Tôi 93 năm và tám Tháng, Lúc đó Tôi
đã 55 tuổi và nhiều bệnh tật, Luật Pháp tâm nhẫn
đã Chôn sống Tôi Trong nhà tù với Tội đánh con
Thành tội Lớn.

CALIFORNIA Có 68 nơi giam giữ người phạm Pháp, đây
Là bằng Chứng Trong Cuốn PACKAGE, JENNY QUARTERLy
SERVICE, đã Có tên Những Trại tù hoặc nơi Cải huấn, Không
được mua những loại ITem Cấm.

Xin Quý tòa đọc và Xét lại cho luật Pháp của Tiểu bang
C.A vì có nhiều vụ án bất Công, Con Số người ở tù
quá nhiều, và một ngày phải Chi tiêu nhiều Triệu đồng
Cho phạm Nhân,

Nếu Có Thể thay đổi Pháp luật Nhanh Chóng để cứu vãn
nền Kinh tế đang đi Xuống, và Còn đi Xuống Nữa,
Tôi Có Thể giúp Cho tiểu bang C.A Làm lời Trong
24 giờ hàng Trăm Triệu đồng, và tuyệt đối an toàn
Cho tiểu bang và Nước Mỹ.


Please find Someone Reading English and VIETNAMESE
To TRANSLATE This letter you or Her will be
understand more detail

SINCERITY

3.26-08

nguyenthuckys

1    <u>**PROOF OF SERVICE BY MAIL**</u>

2    (CCP §§1013(a), 2015.5; 28 U.S.C. §1746)

3

4    **Case Name**    :

5    **Case No.**    :

6

7    I, _NGUYEN    LUC    V_, hereby declare that I am over the age of 18,
the petitioner in the above-entitled cause of action, my address as an inmate is :

8    P.O Box 4000 /  Vacaville, CA 95696-4000.

9

10    On _6 - 16 - 08_ , I delegated to prison officials the task of mailing,
via the institution's internal mail system, (*Houston v. Lack*, 487 US 266 [101 L.Ed.2d 245; 108

11    S.Ct. 2379] (1988) the below entitled legal document(s):

12    SEND DOCUMENT TO COURT

13

14

15    by placing said documents in a properly addressed and sealed envelope, with postage fully pre-

16    paid and obtained the signature and date of the officer in turn on the sealing flap of the above-
mentioned envelope at Facility " ", Housing Unit # _8_ CSP-Solano for which were

17    addressed as follows:

18    C - S - P  SOLANO  P.O. BOX 4000

19
                                            95696
20

21

22

23    I further declare under penalty of perjury, under the laws of the United States and the
State of California, that the foregoing is true and correct to the best of my knowledge and

24    recollection herein and that this declaration was executed at California State Prison
Vacaville, this _16_ day of _6 - 16 - 08_ .

25

26                                            _nguyen lucbley_

27                                                       , Declarant

No. _____

IN THE

SUPREME COURT OF THE UNITED STATES

LUC VAN NGUYEN _____ — PETITIONER

(Your Name)

VS.

THE PEOPLE OF THE STATE OF CALIFORNIA RESPONDENT(S)
Plaintiff

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis*.

[ ✓ ] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE

COUNTY OF SAN MATEO.

[ ] Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

Nguyen Vanluclay
(Signature)

## AFFIDAVIT OR DECLARATION
## IN SUPPORT OF MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

I, _LUC VAN NGUYEN_, am the petitioner in the above-entitled case. In support of my motion to proceed *in forma pauperis*, I state that because of my poverty I am unable to pay the costs of this case or to give security therefor; and I believe I am entitled to redress.

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Self-employment | $ 0 | $ 0 | $ 0 | $ |
| Income from real property (such as rental income) | $ 0 | $ | $ 0 | $ |
| Interest and dividends | $ 0 | $ | $ 0 | $ |
| Gifts | $ 0 | $ | $ 0 | $ |
| Alimony | $ 0 | $ | $ 0 | $ |
| Child Support | $ 0 | $ | $ 0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ | $ 0 | $ |
| Disability (such as social security, insurance payments) | $ 0 | $ | $ 0 | $ |
| Unemployment payments | $ 0 | $ | $ 0 | $ |
| Public-assistance (such as welfare) | $ 0 | $ | $ 0 | $ |
| Other (specify): _____ | $ 0 | $ | $ 0 | $ |
| **Total monthly income:** | $ 0 | $ 0 | $ 0 | $ |

2. List your employment history for the past two years, most recent first.   (Gross monthly pay is before taxes or other deductions.)

| **Employer** | **Address** | **Dates of Employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A, CURRENTLY IN CUSTODY P18480 C2 250 up P.O. BOX 8503 CALINGA, CA 93210 | | N/A | $ N/A $ $ |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| **Employer** | **Address** | **Dates of Employment** | **Gross monthly pay** |
|---|---|---|---|
| N/A | | | $ $ $ |

4. How much cash do you and your spouse have? $ Ø
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| **Financial institution** | **Type of account** | **Amount you have** | **Amount your spouse has** |
|---|---|---|---|
| Ø NO BANKING ACCOUNT | $ Ø $ $ | $ Ø $ $ |

5. List the assets, and their values, which you own or your spouse owns.   Do not list clothing and ordinary household furnishings.

☐ Home
Value  N/A, None

☐ Other real estate
Value  None

☐ Motor Vehicle #1
Year, make & model  None
Value _____

☐ Motor Vehicle #2
Year, make & model  None
Value _____

☐ Other assets
Description  None
Value _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | $ None | $ None |
| | $ | $ |
| | $ | $ |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | | |
| | | |
| | | |

8. Estimate the average monthly expenses of you and your family.   Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ N/A | $ N/A |
| Are real estate taxes included?  ☐ Yes  ☐ No | | |
| Is property insurance included?  ☐ Yes  ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ N/A | $ |
| Home maintenance (repairs and upkeep) | $ N/A | $ |
| Food | $ N/A | $ |
| Clothing | $ N/A | $ |
| Laundry and dry-cleaning | $ N/A | $ |
| Medical and dental expenses | $ N/A | $ |

|  | **You** | **Your spouse** |
|---|---|---|
| Transportation (not including motor vehicle payments) | $ N/A | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ N/A | $ N/A |

Insurance (not deducted from wages or included in mortgage payments)

|  | | |
|---|---|---|
| Homeowner's or renter's | $ N/A | $ N/A |
| Life | $ Ø | $ N/A |
| Health | $ Ø | $ N/A |
| Motor Vehicle | $ Ø | $ N/A |
| Other: _____ | $ Ø | $ N/A |

Taxes (not deducted from wages or included in mortgage payments)

| (specify): _____ | $ Ø | $ Ø |
|---|---|---|

Installment payments

|  | | |
|---|---|---|
| Motor Vehicle | $ Ø | $ Ø |
| Credit card(s) | $ Ø | $ Ø |
| Department store(s) | $ Ø | $ Ø |
| Other: _____ | $ Ø | $ Ø |
| Alimony, maintenance, and support paid to others | $ Ø | $ Ø |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ Ø | $ Ø |
| Other (specify): _____ | $ Ø | $ Ø |
| **Total monthly expenses:** | $ Ø | $ Ø |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes  ☑ No        If yes, describe on an attached sheet.

10. Have you paid – or will you be paying – an attorney any money for services in connection with this case, including the completion of this form?   ☐ Yes   ☑ No

If yes, how much? _____

If yes, state the attorney's name, address, and telephone number:

11. Have you paid—or will you be paying—anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?

☐ Yes   ☑ No

If yes, how much? _____

If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of this case.

I DO NOT HAVE ANY RELATIVE OR FRIEND WHO CAN HELP ME
PAY THE COST FOR THIS CASE I AM CURRENTLY IN PRISON
IN COALINGA, CALIFORNIA. I AM ALSO SPEAKING AND
WRITING IN VIETNAMESE. I UNDERSTAND VERY LITTLE ENGLISH

I declare under penalty of perjury that the foregoing is true and correct. I CAN NOT AFFORD

Executed on: _____ 6/15 _____, 2004                    AN ATTORNEY.

Nguyen Vau huc by
(Signature)

THIS IS DOCUMENT, my FAMILy paid money
for LAWYER IM SANFRANCISCO make and I had
To Sending To UNITED STATES DISTRICT COURT
FOR THE NINTH CIRCUIT OF APPEALS
But THE CLERK, Return for me and say
        WRONG COURT
I am STRong believe in THIS DOCUMENT
To Complete anything


6 - 16 - 08

No. _____

_____

### IN THE

### SUPREME COURT OF THE UNITED STATES

_____

LUC VAN NGUYEN    — PETITIONER
(Your Name)

VS.

THE PEOPLE OF THE STATE OF CALIFORNIA — RESPONDENT(S)

### PROOF OF SERVICE

I, LUC VAN NGUYEN _____, do swear or declare that on this date, JUNE 16 _____, 20 04, as required by Supreme Court Rule 29 I have served the enclosed MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and PETITION FOR A WRIT OF CERTIORARI on each party to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United States mail properly addressed to each of them and with first-class postage prepaid, or by delivery to a third-party commercial carrier for delivery within 3 calendar days.

The names and addresses of those served are as follows:

LISA NOVAK, DEPUTY DISTRICT ATTORNEY 401 MARSHALL STREET 3RD FLOOR

REDWOOD CITY, CA 94063,        DANIEL E LUNGREN, ATTORNEY

GENERAL STATE OF CALIFORNIA 50 FREMONT STREET SUITE 300, SAN

FRANCISCO, CA 94105-2239.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 16_____, 20 04.

_Nguyen VanLucky_
(Signature)

## This is Appendix

I'm declare to quash a verdict.
and I don't Know Who Coined That Story.
Perhaps District ATToney distort The witness
to harmful my life, and the Justice mistrail
sentence with 93 years 8months, that mean
almost Century, also bury my life in
Prisons
please review my case and give me a
change, or give me to talk at last time,
before the day ending my life.

I'm very grateful.

10-26-2005                    Sincely

                             Vanheneky

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

*LUC   VAN   NGUYEN* — PETITIONER

(Your Name)

vs.

*THE PEOPLE OF THE STATE OF CALIFORNIA* — RESPONDENT(S)

*Plaintiff*

ON PETITION FOR A WRIT OF CERTIORARI TO

*The Superior Court, State of California, County of San Mateo*

(NAME OF COURT THAT LAST RULED ON MERITS OF YOUR CASE)

PETITION FOR WRIT OF CERTIORARI

*Luc   Van   Nguyen*

(Your Name)

*P. 18480 C2 - 250 UP, P.O. Box 8503*

(Address)

*Coalinga , CA . 93210*

(City, State, Zip Code)

*N/A*

(Phone Number)

## LIST OF PARTIES

[ ] All parties appear in the caption of the case on the cover page.

[✓] All parties **do not** appear in the caption of the case on the cover page.   A list of all parties to the proceeding in the court whose judgment is the subject of this petition is as follows:

① Superior Court of State of California, San Mateo County.

② Lisa Novak, Deputy District Attorney
401 Marshall Street 3rd Floor, Redwood City, CA 940603

③ Daniel E. Lungren, Attorney General State of California
50 Fremont Street Suite 300, San Francisco
California 9405-2239.

## TABLE OF CONTENTS

OPINIONS BELOW............................................................................................ 1

JURISDICTION................................................................................................. 2

CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED ................... 3

STATEMENT OF THE CASE ...................................................................... 4-9

REASONS FOR GRANTING THE WRIT ....................................................... 10

CONCLUSION................................................................................................ 11

## INDEX TO APPENDICES

APPENDIX A    Petion for a Writ of Habeas Corpus filed and was denied on May 3, 2002 (For a copy please write to request) United States District Court Northern District of California, San Jose Division.

APPENDIX B    Appellant's Reply Brief prepared by attorney, William J. Capriola, (For a copy please contact or write to william J. Capriola (707) 829-9490 or P.O. Box 1536, Sebastopol California 95473

APPENDIX C    Letter from attorney, william J. Capriola, confirmed petition denied by the California Supreme Court on 12/18/20

APPENDIX D    Inmate Trust Account Statement for Luc Van Nguyen in California Department of Correction, Pleasant Valley State Prison. April 1, 2004 to May 7, 2004.

APPENDIX E    Superior Court, State of California, county of San Mateo, proceedings. probation report and Sentencing. October 26, 1998.

APPENDIX F    Notice of Appeal submitted on December 22, 1998.

**TABLE OF AUTHORITIES CITED**

**CASES**                                                          **PAGE NUMBER**

I am not familiar with any specific cases that are similar to my case. No authorities cited.

**STATUTES AND RULES**

Again I am not familiar with the specific laws and regulations or rules. All I know is that I did not received a fair trial and the sentencing from the San Mateo County Superior Court in California.

**OTHER**

None

IN THE

SUPREME COURT OF THE UNITED STATES

PETITION FOR WRIT OF CERTIORARI

Petitioner respectfully prays that a writ of certiorari issue to review the judgment below.

## OPINIONS BELOW

[ ] For cases from **federal courts:**

The opinion of the United States court of appeals appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the United States district court appears at Appendix _____ to the petition and is

[ ] reported at _____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

[✓] For cases from **state courts:**

The opinion of the highest state court to review the merits appears at Appendix _N/A_ to the petition and is

[ ] reported at _N/A_____; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

The opinion of the _Superior court of the State of California, County of San Mateo_ court appears at Appendix _E_ to the petition and is
[✓] reported at _Hall of Justice & Records in San Mateo County, California_; or,
[ ] has been designated for publication but is not yet reported; or,
[ ] is unpublished.

1.

## JURISDICTION

[ ] For cases from **federal courts:**

The date on which the United States Court of Appeals decided my case was _____.

[ ] No petition for rehearing was timely filed in my case.

[ ] A timely petition for rehearing was denied by the United States Court of Appeals on the following date: _____, and a copy of the order denying rehearing appears at Appendix _____.

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1254(1).

[✓] For cases from **state courts:**

The date on which the highest state court decided my case was October 26, 1998
A copy of that decision appears at Appendix  E  .

[✓] A timely petition for rehearing was thereafter denied on the following date: October 18, 2000 , and a copy of the order denying rehearing appears at Appendix  C  .

[ ] An extension of time to file the petition for a writ of certiorari was granted to and including _____ (date) on _____ (date) in Application No. ___A_____.

The jurisdiction of this Court is invoked under 28 U. S. C. § 1257(a).

page 2

**QUESTION(S) PRESENTED**  addition & part of

1. I strongly believe that I did not got a fair trial to defend myself due to the lack of a through investigation and that not all my witnesses were allowed to testified including myself when necessary to explain my situation throughout the trial process.

2. How can the San Mateo County Superior Court in the State of California instructed the jury that "if they found that I "committed" one or two offenses, they may assumed I also committed other uncharged offenses without evidences"? This is I believe unjust and violated some of the laws and the regulations of the State and the Federal.

3. The San Mateo County Superior Court sentenced me, a 55 years old man, 93 years and 8 months in state prison for hitting my child and the accusations of rape is totally unreasonable, unfair and unjust. I believe and understand that it violates the State and Federal Constitutional prohibitions against cruel and unusual punishment.

## CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

I believe the sentencing I received must be modified because it violates the State and the Federal Constitutional prohibitions against cruel and unusual punishment. First of all, I did not got a fair trial. For instance, during the trial I often did not get to explain my situation clearly and/respond to the accusations against me. Secondly, I later found that the court had instructed the jury that if they found that I "committed" one or two offenses, they may assumed I also committed other uncharged offenses. Thirdly, I was 55 years old at the time the judge sentenced me 93 years and 8 months in the state prison for hitting my daughter and the accusations of rape. Furthermore, I don't believe I was well represented by my former attorney at court which prevented me from having the opportunity to explain my situation and responded to the accusations against me. For the above reasons, I request the Court to consider my appeal for a new trial and modified the punishment in my situation.

## STATEMENT OF THE CASE

In the beginning of October 1997, I got arrested because my daughter, Thoa Nguyen and I had an argument and I hit her with a stick as a way of discipline her. I admitted that I was so angry and I didn't know what to do except "threatened" to hurt her and hope that she will listen to me and be a good person. About one month before, I found some drugs in the house so I started to suspect that she used the money I asked about to buy drugs. After I got arrested, my daughter and my son, Terry Nguyen, were interviewed together by the police in the same room which I strongly believe they lied to the police about other accusations against me to frame me.

During the trial process, I don't think I was well represented by my attorney nor received a fair trial. There were other witnesses and evidences that I have in supporting of my case were not used. For instance, in 1994 I was taking a lot of medications for my mental health problems; such as severe headache. All the medicines were given by the doctor at a mental health clinic in Stockton which impacted my physical functioning including sexual activity. I was so weak that I couldn't even hold more than one pound, how can I hurt anyone? Secondly, when I wanted to speak and/ respond to the accusations against me in court, the judge, the prosecution, and the jury didn't allowed me to speak nor ask me any questions. I felt that everyone was against me and didn't allow me to explain my reasons clearly. They only listen and believe what my daughter had reported without much evidence.



After that, the jury found that I'm guilty and the judge sentenced me 93 years and 8 months in state prison in November 1998 for hitting and the accusations of molesting and sexual intercourse with my daughter. My attorney informed me on November 6, 2000 in writing that the California Supreme Court denied to review my case on October 18, 2000. Then in February 2001, I filed a petition for a Writ of Habeas Corpus by a person in state custody from the United States District Court for the Northern District of California and was denied on May 3, 2002.

page 5

## REASONS FOR GRANTING THE PETITION

I believe I deserve to have a new trial in order to present more facts and a better understanding about my case. Secondly, I believe it is wrong to make assumptions that if a person is found to commit one offense or two offenses, it is automatic that they committed other uncharged offenses without evidences and then sentenced them altogether. Thirdly, the San Mateo County Superior Court in the state of California sentenced me, a 55 years old man, 93 years and 8 months in the state prison for hitting my child and the accusations of rape is totally unreasonable, unjust, and violate the State and Federal Constitutional prohibitions against cruel and unusual punishment.

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted,

LUC VAN NGUYEN

Date: JUNE 16, 2004

page 11

UNITED STATES DISTRICT COURT FOR THE NINTH CIRCUIT OF APPEALS
DISTRICT OF FIRST APPELLATE, DIVISION THREE

PEOPLE OF THE STATE OF CALIFORNIA,  )
                                     )    File Number A085335
            Plaintiff and Respondent, )
                                     )
        v.                           )
                                     )
LUC VAN NGUYEN,                      )
                                     )
            Defendant and Appellant.)

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS
OCT 3 1 2005

FILED
DOCKETED
DATE
INITIAL

Notice is hereby given that LUC VAN NGUYEN, Appellant, in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from a Judgement of the Superior Court of the State of California in and for the County of San Mateo entered in this action on the 31 day of July, 2000.

Prisoner Appeals without Representation by Counsel:

Appellant Name:     Luc Van Nguyen
Appellant Address:  P 18480 C2- 206 up
                    P.O. Box 8503
                    Coalinga, CA 93210



RECEIVED
DEC 27 2005
OFFICE OF THE CLERK
SUPREME COURT U.S.

# TABLE OF CONTENT

**Page**

STATEMENT OF JURISDICTION………………………………….. …………. 2

STATEMENT OF THE CASE……………………………………………………. 3

STATEMENT OF RELATED CASES………………………………………… 4

REASONS FOR GRANTING THE PETITION & CONCLUSION…………….. 5

APPENDIX A:  Opinion of the California Court of Appeal dated on July 31, 2000.

APPENDIX B:   Petition for Rehearing from William Capriola, my former attorney filed on August 14, 2000.  Contains related cases presented.

## STATEMENT OF JURISDICTION

On July 31, 2000, I was charged in San Mateo Superior Court of child abuse,

assault and rape charges, all involving my daughter and was sentenced by the judge to 93

years and 8 months in prison. The following questions I am presenting are the reasons I

am appealing for a new trial and request the Court to consider of my case:

1. I strongly believe that I did not got a fair trial to defend myself due to the lack of a through investigation and that not all my witnesses were allowed to testified including myself when necessary to explain my situation throughout the trial process.
2. How can the San Mateo County Superior Court in the State of California instructed the jury that "if they found that I "committed" one or two offenses, they may assumed I also committed other uncharged offenses without evidences"? This is I believe unjust and violated some of the laws and the regulations of the State and the Federal.
3. The presiding judge of San Mateo County Superior Court sentenced me, a 55 years old man, 93 years and 8 months in state prison(projected release date is 2093) for hitting my child and the accusations of rape is totally unreasonable, unfair and unjust. I believe that it violates the State and Federal Constitutional prohibitions against cruel and unusual punishment.
4. Furthermore, I don't believe I was well represented by my former attorney at court which prevented me from having the opportunity to explain my situation and responded to the accusations against me.

As of today, I am in custody at Pleasant Valley State Prison, in Coalinga, California

93210. The projected release date is 2093. Also, please review the Opinion of the
latest court filed on July 31, 2000 for the details information of my case.

## STATEMENT OF THE CASE

In the beginning of October 1997, I got arrested because my daughter, Thoa Nguyen and I had an argument and I hit her with a stick as a way of discipline her. I admitted that I was so angry and I didn't know what to do except "threatened" to hurt her and hope that she will listen to me and be a good person. About one month before, I found some drugs. After I got arrested, my daughter and my son, Terry Nguyen, were interviewed together by the police in the same room which I strongly believe they lied to the police about other accusations against me to frame me.

During the trial process, I don't think I was well represented by my attorney nor received a fair trial. There were other witnesses and evidences that I have in supporting of my case were not used. For instance, in 1994 I was taking a lot of medications for my mental health problems; such as severe headache. All the medicines were given by the doctor at a mental health clinic in Stockton which impacted my physical functioning including sexual activity. I was so weak that I couldn't even hold more than one pound, how can I hurt anyone? Secondly, when I wanted to speak and/ respond to the accusations against me in court, the judge, the prosecution, and the jury didn't allowed me to speak nor ask me any questions. I felt that everyone was against me and didn't allow me to explain my reasons clearly. They only listen and believe what my daughter had reported without much evidence. After that, the jury found that I'm guilty and the judge sentenced me 93 years and 8 months in state prison for hitting and the accusations of molesting and sexual

3

intercourse with my daughter.  My attorney informed me in November 2000 in writing that the California Supreme Court denied to review my case on October 18, 2000.  Then in February 2001, I filed a petition for a Writ of Habeas Corpus by a person in state custody from the United States District Court for the Northern District of California and was denied on May 3, 2002.

## STATEMENT OF RELATED CASES

This report was translated from my letter sent from prison to a friend of family who is bilingual in Vietnamese and English to help me completing out of her goodness.  She completed this report the best she could because I do not have any money to hire anyone including an attorney, a paralegal or a typist to help me out.  I can read and write Vietnamese well, but not English.  Also, I do not know much about other related cases.  Please read the attached brief that my former attorney prepared (Petition for Rehearing Filed on August 14, 2000) and submitted and was denied.  In this petition, he had explained some the cases that raised the same or closely related issues in my case.

## REASONS FOR GRANTING THE PETITION

I believe I deserve to have a new trial (with appointed attorney by the court if possible) in order to help me to present more facts and a better understanding about my case.  Secondly, I believe it is wrong to make assumptions that if a person is

4

found to commit one offense or two offenses, it is automatic that they committed other uncharged offenses without evidences and then sentenced them altogether. Thirdly, the judge at San Mateo County Superior Court in the state of California sentenced me, a 55 years old man, 93 years and 8 months in the state prison for hitting my child and the accusations of rape is totally unreasonable, unjust, and violate the State and Federal Constitutional prohibitions against cruel and unusual punishment.

**CONCLUSION**

The petition for a new trial or rehearing should be granted.

Respectfully submitted,

*Nguyen Luc Van*

Luc Van Nguyen

Date: _10 - 26 - 2005_

## DECLARATION OF SERVICE

Re: People v. Nguyen                No. A085335

I, Luc Van Nguyen, declare that I am over eighteen years of age, and is the appellant of the case: I am in custody at Pleasant Valley State Prison, in Coalinga, California 93210 ( P18480 C2-206 up, P.O. Box 8503, Coalinga, CA 93210).

### Notice of Appeal to a Court of Appeals for the Ninth Circuit from a Judgement of the Superior Court of the State of California

On each of the following, by placing same in an envelope(or envelopes) addressed (respectively) as follows:

The Clerk Office at                  Bill Lockyer
United States Court of Appeals       State Attorney General
P.O. Box 193939                      455 Golden Gate Avenue, Room 11,000
San Francisco, California 94119-3939 San Francisco, California 94102


James Fox                            Superior Court of California
District Attorney                    County of San Mateo
401 Marshall Street                  401 Marshall Street
San Mateo, California 94063          Redwood City, California 94063


Each envelope was then, on *10 - 26 - 2005* (Date, Month, Year), sealed and deposited in the United States Postal Service at Coalinga, California, with the first class postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Coalinga, California, this *10- 26 - 2005* (Date, Month, Year).

*Nguyen huc Van*
Luc Van Nguyen

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

JUL 3 1 2000

Court of Appeal - First App Dist.
RON D. BARRO V

By _____ DEPUTY

THE PEOPLE,

    Plaintiff and Respondent,

v.

LUC VAN NGUYEN,

    Defendant and Appellant.

A085335

(San Mateo County
Super. Ct. No. SC042149 A)

Luc Van Nguyen appeals from his October 26, 1998 conviction and sentence on 36 felony charges arising out of multiple molestations and beatings of his daughter occurring between September 1, 1993, and October 6, 1997. Appellant contends: (1) The trial court impermissibly lessened the prosecution's burden of proof by instructing the jury to consider evidence of his prior offenses under CALJIC Nos. 2.50 and 2.50.1; (2) His sentence violates Penal Code section 654, because counts 1 and 2 arose out of the same act, as did counts 7 and 8; and (3) The term of the sentence constitutes cruel and unusual punishment for a 55-year-old man who will never be able to serve 93 years 8 months in prison. We hold that the court's instructions on the prior act evidence were not erroneous and that appellant's sentence did not violate Penal Code section 654, nor constitute cruel and unusual punishment. Thus, we affirm.

## INTRODUCTION

### *Procedural Background.*

On October 24, 1997, the San Mateo County District Attorney filed an amended complaint charging appellant with felony violations of Penal Code sections 245, subdivision (a)(1) (assault with a deadly weapon; counts 1, 2, and 7), 273d (cruel or

1

inhuman corporal punishment upon a child; counts 3 and 8); 273a (abusing, or endangering the health of, a child; counts 4 and 9); 261.5, subdivision (c) (sexual intercourse with a minor; counts 5, 11, 13, 14, 16 and 18); 261, subdivision (a)(2) (rape; counts 6, 10, 12, 15, 17, 19, 22, 25, 28 and 31); 261.5, subdivision (d) (unlawful intercourse with a minor under the age of 16; counts 20, 23, 26 and 29); 288, subdivision (c)(1) (lewd act on a 15-year-old child by defendant 10 years older than said child; counts 21, 24, 27, 30 and 32 through 35); and 288, subdivision (a) (lewd act on a child under age 14; count 36). All of the acts were allegedly perpetrated against appellant's biological daughter, Thoa Nguyen, between September 1, 1993, and October 6, 1997.

A trial was held and, on September 25, 1998, the jury found appellant guilty as charged on all 36 counts. On October 26, 1998, the trial court sentenced appellant to 93 years 8 months in state prison. In sentencing appellant, the court found circumstances in aggravation as to all counts and, where not stayed, imposed consecutive terms on each count, as follows:

Count 8: **6 years**;

Counts 6, 10, 12, 15, 17, 19, 22, 25, 28 and 31: **8 years**;

Counts 1 and 2: **4 years, with all but 1 year stayed**;

Counts 14, 33-35: **3 years, with all but 8 months stayed**;

Count 36: **8 years, with all but 2 years stayed**;

Count 7: **4 years, with all but 1 year stayed**; and

Counts 3-5, 9, 11, 13, 16, 18, 20-21, 23-24, 26-27, 29-30 and 32: **Stayed**.

On December 22, 1998, appellant filed a timely notice of appeal.

### *The People's Case.*

At approximately 10:30 p.m. on October 6, 1997, Police Officer Troy Fry responded to a report of assault and battery at appellant's residence in San Bruno. After hearing yelling coming from the apartment, Officer Fry knocked on the door and announced himself as a police officer several times. After about a minute, appellant opened the front door and seemed excited, but informed the officer that everything was

2

fine. Officer Fry heard someone in the apartment crying hysterically and then saw appellant's son, Terry, motion for him to come inside.

Once inside the apartment, Officer Fry saw appellant's daughter, Thoa, curled up in a fetal position on the couch, crying hysterically. When Officer Fry asked Thoa what had happened, she responded, "[n]othing." Then Terry motioned Officer Fry into another room, but was nervous and shaking and said he was afraid to explain what happened. Terry's wife also appeared nervous and was reluctant to tell Officer Fry about what had transpired.

When Officer Fry attempted to question Thoa further, she was still crying hysterically, stuttering and breathing rapidly. Eventually, Thoa told Officer Fry that, while arguing with her over money, appellant had chased her around the apartment with a knife and a wooden stick, told her to take off her clothes, and told her he was going to beat her 100 times with the stick. At one point Thoa locked herself in a bedroom and appellant pounded on the door, threatening to break it down and kill her. When Thoa ran out of the bedroom, appellant chased her around the apartment with the knife and stick, striking her with the stick several times on the left side of her body. Officer Fry observed a fresh laceration on Thoa's left elbow area. Later, Officer Fry learned that Thoa also had significant bruising on her left torso rib-cage area and on the outer portion of her left thigh.[1] Eventually, Terry corroborated Thoa's description of the incident. At some point, Thoa told Officer Fry that appellant had also beaten her two or three times in the past.

The officers placed appellant under arrest and seized a wooden stick and meat cleaver, which Thoa identified as the objects with which appellant had chased her around the apartment. At the police station, Thoa was still crying and reluctantly repeated to Officer Fry what she had told him at the apartment. When Officer Fry went into another interview room to question Terry, he found him vomiting on the floor. Terry told Officer Fry he was sick because of what Thoa told him during the drive to the station. After further questioning, Thoa admitted to Officer Fry that appellant had been making "love"

---

[1] Photographs were taken of Thoa's injuries and shown to the jury during trial.

3

to her on many occasions since she was in the eighth grade and that she let him because she was afraid he would kill her if she refused.[2]

At trial, Thoa testified that she was born in Vietnam on June 4, 1980, and met appellant for the first time at age 12 when she came to the United States to live with him in January of 1993. When Thoa first arrived, the family lived in San Francisco where she attended the seventh grade. Her father had two children by his live-in girlfriend, Thach, who also had three children from a previous marriage. At that time, appellant was unemployed, Thach was in jail, and the family was supported by welfare. While living in San Francisco, appellant hit Thoa's younger half-brothers with a stick, threatened to hit her with it on three occasions and did hit her with it one time on the buttocks. Also, on one occasion, appellant put a knife to Thoa's throat and threatened to kill her.

After Thoa completed the seventh grade, the family moved to Stockton, where they lived for approximately half of the school year. While living in Stockton, appellant hit Thoa twice with a stick on her buttocks. On one occasion, he told her to remove her clothing so that he could check to see if she was still a virgin, then inserted two fingers into her vagina and touched her breasts. He also touched her breasts on other occasions, telling her he had to do so to make them the same size.

Thereafter, the family moved into a one-bedroom apartment in Daly City, where they lived for approximately one year before moving to the apartment in San Bruno. While living in Daly City, Thoa's father continued to touch her breasts and vagina approximately once or twice per month. When Thoa told appellant she did not like the touching, he accused her of lying and forbade her from telling anyone about it.

After moving to the San Bruno apartment, Thoa began working and giving most of her earnings to appellant, who worked only intermittently as a fisherman. After living in San Bruno for a few months, appellant began having sexual intercourse with Thoa on a

---

[2] When asked if Thoa had given him some further description of what she meant by the term "make love," Officer Fry responded: "She was very reluctant in talking to me in regards to any of that. The requests occurred for a long period prior to that. She told me he would make her take off her clothes, that

4

regular basis, usually in the apartment, but sometimes in a motel, in their van, or on his fishing boat. He would sometimes have Thoa touch his penis to help him achieve erection or ejaculate. Not always using a condom during intercourse, appellant impregnated Thoa when she was in the eleventh grade and drove her to a clinic in San Francisco where she had an abortion.[3] After the abortion, appellant continued to have intercourse with Thoa.

Also while living in San Bruno, appellant continued to hit Thoa with sticks, leaving marks and bruises on her. Approximately one month before appellant's arrest, he asked Thoa to go to a motel with him. When she told him she needed to go to work instead, appellant became angry and hit her with a stick until it broke. Terry was present during the beating, but was unable to stop it.

Terry testified at trial that he also was a victim of appellant's anger and beatings, was afraid of appellant and ran away from home several times while growing up. Terry witnessed appellant hitting Thoa on several occasions, including the night one month before appellant's arrest when he hit her four or five times with a stick until it broke and then hit her with a plunger. On the night of appellant's arrest, Terry called the police because he had never seen appellant that angry and was afraid he might kill him or hurt his family. On the way to the police station that night, he learned for the first time that appellant had been raping Thoa.

After his arrest, appellant asked Terry to tell Thoa to drop the charges against him. He also said that, if Terry was unable to convince Thoa to do so, then appellant did not want to see him anymore and that Terry was never to see his younger brothers again.

Terry's wife testified that she also witnessed the beating of Thoa on October 6, 1997, and had heard appellant threaten to kill Thoa and Terry on prior occasions.

---

he would touch her breasts, and at one point she told me that he put his private part in her private part, is how she worded it. And she pointed between her legs as she was saying this."

[3] A doctor from St. Luke's Women's Center in San Francisco testified that Thoa underwent an abortion procedure in December of 1996.

5

Gretchann Boyle, an abuse investigator from Child Welfare Services testified in rebuttal that she discussed the abuse allegations with appellant on October 22, 1997. Appellant told her he had an arranged marriage with Thoa's mother in Vietnam.[4] He also accused Thoa of fabricating the allegations against him because he was too strict with her. Social worker Tony Marengo testified that, when he met with appellant on October 7, 1997, appellant accused Thoa of making false abuse allegations to hurt him. Appellant did not tell either Ms. Boyle or Mr. Marengo that Thoa made the allegations because she was mad at him for leaving her in Vietnam when she was a child, as he testified at trial.

## The Defense.

Appellant's son, Kosubai, who was 11 years old at the time of trial, testified in appellant's defense that he had never seen him hit or threaten Thoa or Terry with a stick. Kosubai recognized the stick from their apartment in San Bruno, but said he did not know its use. He subsequently admitted, however, that he had written "I don't like to be punished" on the side of the stick and that his father had sometimes punished him with it. Kosubai also testified that he never saw any boys take Thoa out on dates.

Appellant testified on his own behalf that he had problems with Thoa since she arrived in the United States. She had a "bad character," was selfish, drank alcohol, did not get along with her younger half-brothers, did not do well in school, lied many times, and liked to have a lot of toys.[5] Their relationship was strained because appellant refused her requests that he send money to her mother and sponsor her to come to the United States. Thoa would get angry with appellant because he did not want her to have boyfriends or to socialize with people who were not Vietnamese.

Appellant further testified that he never touched Thoa inappropriately or had sexual relations with her. He only struck her one time, which he did with the disciplinary stick on the night of his arrest. Appellant had the meat cleaver in his hand that night only

---

[4] On cross-examination, appellant denied telling Ms. Boyle that the marriage was arranged.

[5] Appellant admitted on cross-examination that once the family moved to Stockton, Thoa's grades became "very good" and that she had good grades throughout all of high school.

6

because he wanted to chop the stick.[6] He further testified that Kosubai lied if he accused appellant of hitting him with the stick and that Terry, Terry's wife and Thoa were all lying about the events of October 6, 1997, because they wanted to sell his boat. Finally, appellant testified that Thoa fabricated her accusations of sexual misconduct because she was angry at him for leaving her when she was a baby and for hitting her the one time on the night of his arrest.

On cross-examination, appellant testified that he was having difficulty remembering some of the things about which the prosecutor was questioning him. He also made several inconsistent statements. For example, he claimed that although he was strict and made sure he knew what Thoa was doing with her time, she spent a lot of time on the street and he did not know what she was doing. Later, he testified that when Thoa was not at school or work, she was at home doing her homework. When questioned about who impregnated Thoa, appellant testified that Thoa had many boyfriends at work, but then conceded that he did not know what activities she engaged in at work. At one point in his testimony, appellant stated that he put Thoa in a drug-counseling program, but then stated that he did not. Appellant also testified that Thoa was afraid of him and that he thought that was a good thing.

## DISCUSSION

### I. *The Jury Instructions on the Prior Act Evidence Were Not Erroneous.*

The district attorney in this case only charged appellant with the physical and sexual abuse of Thoa that occurred within the County of San Mateo between September of 1993 and October of 1997. Over appellant's objection, the trial court admitted, under Evidence Code section 1101, subdivision (b), evidence of uncharged abuse that was perpetrated by appellant against Thoa and Terry.[7] While generally prohibiting admission

---

[6] During cross-examination, the district attorney asked appellant if he wanted to chop the stick so he could continue to hit Thoa with it and appellant responded, "maybe so."

[7] The trial court also found the evidence of uncharged sexual offenses admissible under Evidence Code section 1108, which allows admission of prior sex offense evidence in a sex offense case, "if the evidence

7

of prior offense evidence to prove propensity to commit the charged offenses, subdivision (b) of section 1101 does allow "admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act." Appellant does not challenge the admission of the uncharged offense evidence, but rather, claims that the instructions given for the jury's consideration of the evidence were erroneous.

A. The Instructions.

For its consideration of the prior act evidence, the jury was provided the following instructions under CALJIC Nos. 2.50 and 2.50.1:[8]

"Evidence has been introduced for the purpose of showing that the defendant committed crimes other than that for which he is on trial.

"Evidence, if believed, may not be considered by you to prove that defendant is a person of bad character or that he . . . has a disposition to commit crimes. It may be considered by you only for the limited purpose of determining if it tends to show:

"A characteristic method, plan or scheme in the commission of criminal acts similar to the method, plan or scheme used in the commission of the offense in this case which would further tend to show the existence of the intent which is a necessary element of the crime charged a clear connection between the other offense and the one of which the defendant is accused so that *it may be inferred that if defendant committed the other offenses defendant also committed the crimes charged in this case*;

"The existence of the intent which is a necessary element of the crime charged;

---

is not inadmissible pursuant to Section 352." The court did not, however, instruct the jury under CALJIC No. 2.50.01, which is the instruction normally given for the jury's consideration of section 1108 evidence.

[8] By agreement between the parties, the reporter did not transcribe the trial court's oral version of the jury instructions. Although grammatically incorrect, the instructions are quoted herein as they appear in the clerk's transcript.

"A motive for the commission of the crime charged;

"The defendant had knowledge or possessed the means that might have been useful or necessary for the commission of the crime charged;

"The crime charged is a part of a larger continuing plan, scheme;

"For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.

"You are not permitted to consider such evidence for any other purpose.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Within the meaning of the preceding instructions, the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed crimes or sexual offenses other than those for which he is on trial.

"You must not consider this evidence for any purpose unless you find by a preponderance of the evidence that a defendant committed the other crimes or sexual offenses." (Brackets omitted, italics added.)

B. The Parties Contentions.

Appellant contends that the instructions given under CALJIC Nos. 2.50 and 2.50.1 permitted the jury to return convictions based *solely* on a finding that appellant committed the prior offenses, and to find that he committed the prior offenses only by a preponderance of the evidence. This, he contends, unconstitutionally allowed the jury to reach guilty verdicts without proof beyond a reasonable doubt that he committed the instant offenses. While acknowledging the rule that evidentiary facts need only be proven by a preponderance of the evidence (*People v. Carpenter* (1997) 15 Cal.4th 312, 380-383 (*Carpenter*)), appellant argues that the rule is inapplicable where "a basic fact acts as a substitute for proof of an ultimate fact." Appellant further asserts that the erroneous instructions were not cured by the provision of conflicting instructions on the proper burden of proof, since the jury would likely construe the more specific instruction, CALJIC No. 2.50.1, as prevailing over the more general ones. Finally, appellant argues that, since we cannot know whether the jury's verdict was based on proof beyond a reasonable doubt or simply on the improper inference from the prior act evidence, the

9

harmless error analysis of whether the same guilty-beyond-a-reasonable-doubt verdict would have been rendered absent the constitutional error cannot be applied. Thus, he contends, the provision of the unconstitutional instructions was error per se and the convictions based thereon must be reversed.

Respondent contends that CALJIC No. 2.50, which has long been sanctioned by our Supreme Court, only allowed the jury to consider the uncharged acts, proved by a preponderance under CALJIC No. 2.50.1, for the limited purpose of determining whether they tended to show, inter alia, a characteristic method, plan or scheme used in the commission of the charged acts. Although it provided for a permissive inference that appellant committed the charged offenses, respondent argues that the instruction did not tell the jury that it could convict solely on the basis of that inference. On the contrary, the jury was reminded immediately following the challenged instructions that guilt of the charged offenses must be proved beyond a reasonable doubt. Respondent further asserts that the prior act evidence falls within the category of "evidentiary" as opposed to "ultimate" facts, and thus, it is perfectly acceptable to apply the preponderance standard to prove the prior crimes. (See *Carpenter, supra,* 15 Cal.4th at p. 382.) Finally, respondent contends that even if the instructions were erroneous, the error was harmless because, since the charged and uncharged offenses clearly showed a common scheme or plan to molest his daughter, it is not reasonably likely that the jury convicted appellant solely based on proof of the uncharged acts.

C. The Inference Permitted by the Instructions Did Not Lower the Prosecution's Burden of Proof.

As pointed out by respondent, the supreme court has repeatedly referenced with approval the provision of CALJIC No. 2.50 for juries' consideration of prior crimes evidence under Evidence Code section 1101. (See, e.g., *People v. Wilson* (1992) 3 Cal.4th 926, 939-940; *People v. Hayes* (1990) 52 Cal.3d 577, 624-625; *People v. Edelbacher* (1989) 47 Cal.3d 983, 1009-1010; *People v. Malone* (1988) 47 Cal.3d 1, 52-53.) However, the issue of whether an inference of guilt from prior crimes proved by a preponderance unconstitutionally lowers the prosecution's burden of proof has not been

10

addressed in the context of CALJIC No. 2.50. In analyzing the issue, we must consider all the instructions as a whole and determine whether there is a "reasonable likelihood" that the jury applied the subject instructions in an unconstitutional manner. (*Estelle v. McGuire* (1991) 502 U.S. 62, 72; *People v. Cain* (1995) 10 Cal.4th 1, 36.) Since, " ' "[t]he absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole," ' " we believe it is not reasonably likely the jury in this case understood the instructions as permitting the convictions on a standard less than beyond a reasonable doubt. (See *People v. Castillo* (1997) 16 Cal.4th 1009, 1016.)

The long-standing rule that prior crimes need only be proved by a preponderance of the evidence was firmly upheld in *Carpenter, supra,* 15 Cal.4th at page 382. The jury in *Carpenter* was instructed that it could consider the prior crimes, which only needed to be proven by a preponderance, on the element of intent. (*Ibid.*) The defendant argued that the instructions might have misled the jury to believe that the element of intent could also be proven by a preponderance. (*Id.* at p. 383.) The court held that the preponderance standard was appropriately applied to the prior crimes evidence where the trial court also gave the standard instructions on reasonable doubt in general and on the sufficiency of circumstantial evidence to prove the necessary "specific intent or mental state." (*Ibid.*) The jury in the instant case was similarly instructed on the general reasonable doubt standard of proof (CALJIC No. 2.90) and the sufficiency of circumstantial evidence to prove specific intent or mental state (CALJIC Nos. 2.01 and 2.02). Additionally, the provision of CALJIC 2.50.1 clarified that the preponderance standard of proof applied only to proof of the prior offenses.

Appellant argues that the preponderance standard should not apply to proving the evidentiary facts of prior crimes in this case where, unlike the instruction in *Carpenter, supra,* 15 Cal.4th 312, CALJIC No. 2.50 permitted the jury to make its ultimate finding of guilt on the current offenses based *solely* on the existence of prior crimes. We do not interpret CALJIC No. 2.50 to be that permissive. On the contrary, the instruction told the jury it could consider the evidence of prior offenses, proved by a preponderance, *for the*

*limited purpose* of determining whether it tends to show "a characteristic method, plan or scheme," which would in turn tend to show, inter alia, the existence of intent, a motive, or a clear connection between the offenses. Although the instruction further allowed the jury to infer that "if defendant committed the other offenses defendant also committed the crimes charged in this case," it was clear that the inference could only be drawn if the jury found, after comparing the facts of the prior and current offenses, "a characteristic method, plan or scheme." Because such inferences require the jury to rationally connect the evidentiary and ultimate facts and leave it free to credit or reject the inference, they do not undermine the constitutional right to have every element of the current offenses proven beyond a reasonable doubt. (See *Ulster County Court v. Allen* (1979) 442 U.S. 140, 157 (*Ulster County*); see also *Sullivan v. Louisiana* (1993) 508 U.S. 275, 277-278 [due process requires that every element of a charged offense be proven beyond a reasonable doubt].)

The statute at issue in *Ulster County, supra,* 442 U.S. 140, allowed a permissive inference that the presence of a firearm in an automobile is presumptive evidence of its illegal possession by all occupants of the vehicle. In upholding the statute, the United States Supreme Court reasoned that the constitutional validity of an instruction permitting an inference of an ultimate fact from an evidentiary fact depends "on the strength of the connection between the particular basic and elemental facts involved and on the degree to which the device curtails the factfinder's freedom to assess the evidence independently." (*Id.* at p. 156.) Under CALJIC No. 2.50, the inference of guilt could not be made unless the jury assessed from its review of all the evidence a *clear* connection between the prior and current offenses. Thus, it cannot be said that the instruction "undermine[d] the factfinder's responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt." (*Ulster County, supra,* at p. 156.)

Appellant compares the inferential language of CALJIC No. 2.50 to the pre-1999 version of CALJIC No. 2.50.01, which provided: "If you find that the defendant committed a prior sexual offense, you may, but are not required to, infer that the defendant had a disposition to commit [the same or similar type] sexual offenses. If you

12

find that the defendant had this disposition, you may, but are not required to, infer that [he] [she] was likely to commit *and did commit* the crime [or crimes] of which [he] [she] is accused.[9] (Italics added.) Appellant then argues that, if the parallel language of former CALJIC No. 2.50.01 is held unconstitutional, as it was by this court in *People v. James* (June 9, 2000, A083198) ___ Cal.App.4th ___ [2000 Daily Journal D.A.R. 6151], mod. ___ Cal.App.4th ___ [2000 Daily Journal D.A.R. 7178], then CALJIC No. 2.50 must also be unconstitutional. We disagree.

As explained in *People v. James, supra,* the inference permitted under CALJIC No. 2.50.01 is unconstitutional because it allows a jury to convict a defendant of the charged offenses based *exclusively* on proof by a preponderance of the prior crimes, without regard to the facts of the charged offenses. (*People v. James, supra,* ___ Cal.App.4th ___ [2000 Daily Journal D.A.R. at pp. 6154-6155].) This type of inference violates the due process right to proof beyond a reasonable doubt because there is "no rational way the trier could make the connection permitted by the inference." (*Ulster County, supra,* 442 U.S. at p. 157; *People v. James, supra,* ___ Cal.App.4th ___ [2000 Daily Journal D.A.R. at p. 6155].) Unlike former CALJIC No. 2.50.01, CALJIC No. 2.50 does require an analysis and comparison of the facts of the charged and uncharged offenses. Certainly, after reviewing all the evidence and considering the pattern and similarities between the crimes, the jury in this case could have rationally made the connection permitted by the inference and could have done so beyond a reasonable doubt. Because CALJIC No. 2.50 allowed the jury to find the ultimate fact beyond a reasonable doubt, the jury was instructed that guilt of the charged offenses *must* be proven beyond a reasonable doubt and CALJIC No. 2.50.1 limited the preponderance standard to proof of the prior crimes, we hold it is not reasonably likely that the instructions as a whole misled

---

[9] In 1999, CALJIC No. 2.50.01 was revised to include the caution: "However, if you find [by a preponderance of the evidence] that the defendant committed [a] prior sexual offense[s], that is not sufficient by itself to prove [beyond a reasonable doubt] that [he][she] committed the charged crime[s]. The weight and significance of the evidence, if any, are for you to decide." (CALJIC No. 2.50.01 (1999 rev.) (6th ed. 1996).) The Use Note suggests that the bracketed phrases concerning the standard of proof should be given "to remove any confusion that might arise if CALJIC 2.50.1 is given." (*Ibid.*)

the jury to believe it could convict exclusively on proof by a preponderance of the prior crimes.

## D. Even if the Instructions Were Unconstitutional, the Error Would Be Harmless in This Case.

If we had concluded that the jury instructions in this case infringed upon appellant's federal due process right to proof beyond a reasonable doubt, we would review the constitutional violation for harmless error. (See *Chapman v. California* (1967) 386 U.S. 18, 24; *People v. James, supra,* ___ Cal.App.4th ___ [2000 D.A.R. at pp. 6157-6158].) Thus, we would inquire as to "whether it appears beyond a reasonable doubt that the error did not contribute to [the] jury's verdict." (*People v. Flood* (1998) 18 Cal.4th 470, 504, restating the test established by *Chapman v. California, supra,* at p. 24.) Stated alternatively, we would have to consider "whether the force of the evidence presumably considered by the jury in accordance with the instructions is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same in the absence of the presumption." (*Yates v. Evatt* (1991) 500 U.S. 391, 405, disapproved on another ground in *Estelle v. McGuire* (1991) 502 U.S. 62, 72.)

Thoa's direct testimony was sufficient to establish the elements of all the charged offenses. (See Pen. Code, §§ 245, subd. (a)(1), 261, subd. (a)(2), 261.5, subds. (c) & (d), 273d, 273a & 288, subds. (a) & (c)(1).) Although Thoa's credibility was questioned by appellant's testimony, he also contradicted the testimony of Kosubai, Terry, Terry's wife, and the child abuse investigator, who he claimed were all lying. Furthermore, he said he was having difficulty remembering things and, as discussed above, he gave many inconsistent responses. To the extent the jury questioned Thoa's failure to report the abuse sooner, appellant himself confirmed that she was afraid of him, and that he thought her fear of him was a good thing.

On the other hand, Thoa's consistent testimony was corroborated by the testimony of Terry and his wife regarding the threats and beatings and appellant's history of violence and anger. The jury saw photographs of the physical injuries sustained by Thoa

14

on the night of appellant's arrest. The fact that Thoa had an abortion in December of 1996 was verified by the testimony of her doctor from the clinic and the receipt for the abortion, which appellant had saved in his wallet. Even the defense witness, appellant's younger son Kosubai, corroborated Thoa's testimony by admitting that his father had punished him with the disciplinary stick and that he had never seen any boys take Thoa out on dates. This evidence, corroborated by the properly considered prior act evidence, overwhelmingly established the pattern of abuse appellant inflicted on his children. Thus, we find beyond a reasonable doubt that, even if the instructions were erroneous, the jury would have reached the same verdict in the absence of the inference.

## II. *Section 654 Did Not Bar Imposition of Consecutive Sentencing on Counts One and Two and on Counts Seven and Eight.*

Appellant's October 6, 1997 attack on Thoa resulted in convictions under count one for assault with a stick and, under count two, for assault with a knife. The attack occurring the previous month resulted in appellant's convictions under count 7 for assaulting Thoa with a plunger and, under count 8, for inflicting cruel or unusual corporal punishment with a stick. Appellant asserts that, although he allegedly utilized two different weapons during both incidents, each attack constituted a single act for which section 654 bars more than one punishment. Respondent contends the trial court properly found that the use of two different weapons during both incidents constituted four separate crimes warranting separate punishments under counts 1, 2, 7, and 8.

Penal Code section 654, subdivision (a), in relevant part provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." To come within the statutory prohibition, the conduct underlying appellant's convictions "need not be an act in the ordinary sense of a separate, identifiable, physical incident, but may instead be a 'course of conduct' or series of acts violating more than one statute and comprising an indivisible transaction punishable under more than one statute." (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135.) " ' "Whether a course of

15

criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. . . ." ' [Citation.] . . . [I]f the offenses were independent of and not merely incidental to each other, the defendant may be punished separately even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Green* (1996) 50 Cal.App.4th 1076, 1084-1085, italics in original.) Furthermore, "[a] defendant's criminal objective is 'determined from all the circumstances and is primarily a question of fact for the trial court, whose findings will be upheld on appeal if there is any substantial evidence to support it.' [Citation.]" (*People v. Braz* (1997) 57 Cal.App.4th 1, 10.)

In sentencing appellant in the present case, the trial court found section 654 inapplicable to counts one and two because "[t]he defendant used a separate weapon and committed a separate act of violence. He had time to reflect before obtaining a new weapon and assaulting the victim with it. He was in a position of trust. [¶] It began with a stick in the living room. She fled to the bedroom and he ordered her to open the door. He then threatened her with a meat cleaver, one which could kill, in addition to the stick which could injure and maim. Clearly these are separate assaults requiring consecutive sentences and not barred by Section 654." The court found section 654 similarly inapplicable to counts seven and eight because "the attack with the plunger was separate and distinct and independent from the attack with the stick, which broke. After the stick broke, he armed himself with the plunger to force her to go to a motel with him." Because appellant stopped during both attacks, picked up a new weapon, and then recommenced the attacks, substantial evidence supports the court's determination that appellant committed these offenses with separate criminal objectives, thereby rendering section 654 inapplicable. (See *People v. Trotter* (1992) 7 Cal.App.4th 363 (*Trotter*).)

In *Trotter, supra,* the defendant was pursued by police after stealing a taxi at gunpoint. (7 Cal.App.4th at pp. 365-366.) During a freeway chase, the defendant fired three shots at a police car behind him, the second shot coming about a minute after the first, and the third moments after the second. (*Id.* at p. 366.) In holding that there was no error in punishing defendant separately, the court quoted the following passage from

16

*People v. Harrison* (1989) 48 Cal.3d 321, 338: "[D]efendant should . . . not be rewarded where, instead of taking advantage of an opportunity to walk away from the victim, he voluntarily resumed his . . . assaultive behavior.'" (*Trotter, supra,* at p. 368.) Similarly in this case, appellant should not be rewarded for failing to take advantage of the opportunity to cease beating his daughter when he put down one weapon to pick up another.

Appellant urges us not to rely on *Trotter, supra,* 7 Cal.App.4th 363 because "*Trotter* is bad law." He argues that "*Trotter* is improper[ly] based on *People v. Harrison* (1989) 48 Cal.3d 321, which in turn was based on *People v. Perez* (1979) 23 Cal.3d 545, because by its own terms *Perez* was intended to apply only to sex cases . . . ." On the contrary, "[*Perez's*] section 654 analysis was directed to any case in which 'a number of base criminal acts' were committed against a single victim. [*Perez, supra,* 23 Cal.3d at p. 553.]" Furthermore, in *People v. Latimer* (1993) 5 Cal.4th 1203, the Supreme Court did not distinguish between sex and nonsex cases in its review of section 654 and, in fact, approved of both *Trotter* and *Harrison* as decisions which "have narrowly interpreted the length of time the defendant had a specific objective, and thereby found similar but consecutive objectives permitting multiple punishment." (*People v. Latimer, supra,* at pp. 1211-1212.) As such, there is no basis for us not to apply the *Trotter* analysis and hold that appellant's consecutive use of two different weapons during the subject attacks rendered section 654 inapplicable to the offenses. Thus, we find no error in the trial court's sentencing under counts 1, 2, 7, and 8.

## III. *The Term of Appellant's Sentence Does Not Constitute Cruel and Unusual Punishment.*

Lastly, appellant contends that the term of his overall sentence constitutes cruel and unusual punishment, because it is impossible for a 55-year-old man to serve 93 years 8 months in prison. Respondent asserts that appellant's claim in this regard was waived by his failure to raise it below. Even if not waived, argues respondent, the cruel and unusual punishment claim is meritless in light the egregious nature of the underlying crimes.

17

Respondent is correct that the cruel and unusual punishment issue was waived by appellant's failure to raise it below. (See *People v. Kelly* (1997) 52 Cal.App.4th 568, 583; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27.) However, since appellant also raises an alternative issue of ineffective assistance of counsel, we address the merits of the claim as if it had been properly preserved for appeal.

Appellant cites no controlling authority for the proposition that his sentence, although in accordance with the legislative punishment scheme, violates his constitutional rights because he will not be able to complete the term within his lifetime. "A defendant has a considerable burden to overcome when he challenges a penalty as cruel or unusual. The doctrine of separation of powers is firmly entrenched in the law of California and the court should not lightly encroach on matters which are uniquely in the domain of the Legislature." (*People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 529.) The general test of whether a particular sentence constitutes cruel or unusual punishment is whether "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424, fn. omitted.) As aptly stated by respondent, "Appellant beat and raped his own daughter over a period of several years. Appellant's sentence of 93 years and eight months, by comparison, is hardly cruel and unusual." The sustained physical and emotional harm appellant inflicted on Thoa, coupled with his willingness to accuse her and three other family members of lying so as to avoid the consequences of his actions, is the conduct that "offends fundamental notions of human dignity" and amply justifies the prison term. (*Ibid.*; see *People v. Kelley, supra,* 52 Cal.App.4th at p. 583.)

## DISPOSITION

Affirmed.

18

This is APPendix :

I'm declare To queash a verdiet, and I doo't
Know who Coined That Story.
Perhaps District ATTorney distort the Witness
to hawmful any life, and the Justice
anistrail to Sentence with 93 years 8 amonths.
That amean almost a Century, also bury my
life in Prison.
please review any case and give me a Change
or give me to talk an last time, before the
day ending my life

I'm very grateful

Vanturky

10 - 26 - 05                      P18480

_____
Walker, J.

We concur:

_____
McGuiness, P. J.

_____
Corrigan, J.

A085335

19

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT DIVISION THREE

FILED
Court of Appeal-First App.

AUG 14 2000

RON D. BARR, W. Clk

PEOPLE OF THE STATE OF CALIFORNIA, )
)
    Plaintiff and Respondent, )  No. A085335
)
v. )  (San Mateo County
)  Superior Court No. SC42149)
LUC VAN NGUYEN, )
)
    Defendant and Appellant.)
    _____)

On Appeal from a Judgment of
the Superior Court of the State of California
in and for the County of San Mateo

---

The Honorable Marta S. Diaz
Judge Presiding

---

PETITION FOR REHEARING

William J. Capriola
Attorney at Law
Post Office Box 1536
Sebastopol, California 95473-1536
(707) 829-9490
State Bar No. 135889

Counsel for Appellant by Appointment of
the Court of Appeal under the First District
Appellate Project's independent case system

## TOPICAL INDEX

**Page**

TABLE OF AUTHORITIES ........................................... ii

PETITION FOR REHEARING ........................................ 1

ARGUMENT .................................................... 2

    I.    THIS COURT'S CONCLUSION THAT THE JURY
        INSTRUCTIONS ON UNCHARGED CRIMES EVIDENCE
        DID NOT PREJUDICIALLY DENY APPELLANT HIS
        FEDERAL CONSTITUTIONAL RIGHTS TO DUE
        PROCESS AND A FAIR JURY TRIAL IGNORES AND
        MISINTERPRETS CONTROLLING UNITED STATES
        SUPREME COURT PRECEDENT .......................... 2

CONCLUSION ................................................... 9

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                      <u>**Page(s)**</u>

Burks v. United States (1978) 437 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Chapman v. California (1967) 386 U.S. 18 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cramer v. United States (1945) [325 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Griffin v. United States (1991) 502 U.S. 46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McInerney v. Berman (1st Cir. 1980) 621 F.2d 20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

People v. Guiton (1993) 4 Cal.4th 1116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

People v. James (2000) -- Cal.App. -- [2000 LEXIS 459] . . . . . . . . . . . . . . . . . . . . . . . . :.  3, 5, 7

Rose v. Clark (1986) 478 U.S. 570 [106 S.Ct. 3101, [92 L.Ed.2d 460] . . . . . . . . . . . . . . . . . . . 2

Santiago Sanchez Defuentes v. Dugger (11th Cir. 1991) 923 F.2d 801 . . . . . . . . . . . . . . . . . . . 2

Stromberg v. California (1931) 283 U.S. 359 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Sullivan v. Louisiana (1993) 508 U.S. 275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8

Terminello v. Chicago (1949) 337 U.S. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Williams v. North Carolina (1942) 317 U.S. 287 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Yates v. United States (1957) 354 U.S. 298 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>**Other Authorities**</u>

California Jury Instructions, Criminal
    No. 2.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    No. 2.50.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

California Rules of Court
    rule 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## FIRST APPELLATE DISTRICT, DIVISION THREE

PEOPLE OF THE STATE OF CALIFORNIA,    )
                                       )
                   Plaintiff and Respondent,)
                                       )
          v.                           )
                                       )
LUC VAN NGUYEN,                        )
                                       )
                   Defendant and Appellant.)
_____ )

## PETITION FOR REHEARING

## TO:  THE PRESIDING JUSTICE AND THE ASSOCIATE
## JUSTICES OF THE CALIFORNIA COURT OF APPEAL,
## FIRST APPELLATE DISTRICT, DIVISION THREE:

Appellant, LUC VAN NGUYEN, by and through counsel, and

pursuant to California Rules of Court, rule 27(a), hereby petitions for

rehearing from the decision of this Court in the above-titled cause, filed

July 31, 2000.

## ARGUMENT

**I.    THIS COURT'S CONCLUSION THAT THE JURY INSTRUCTIONS ON UNCHARGED CRIMES EVIDENCE DID NOT PREJUDICIALLY DENY APPELLANT HIS FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A FAIR JURY TRIAL IGNORES AND MISINTERPRETS CONTROLLING UNITED STATES SUPREME COURT PRECEDENT.**

The Court's analysis of the constitutionality of the other crimes evidence instructions given in this case completely ignores the requirement that in a permissive presumption, the jury must still find the predicate fact proved beyond a reasonable doubt. (See, e.g., *Rose* v. *Clark* (1986) 478 U.S. 570, 580 [106 S.Ct. 3101, 92 L.Ed.2d 460] ["When a jury is instructed to presume malice from predicate facts, it still must find the existence of those facts beyond a reasonable doubt."]; *Santiago Sanchez Defuentes* v. *Dugger* (11th Cir. 1991) 923 F.2d 801, 804 ["A presumption is an evidentiary device that enables the trier of fact to presume the existence of an element of the crime from a basic fact already proven beyond a reasonable doubt."]; *McInerney* v. *Berman* (1st Cir. 1980) 621 F.2d 20, 24 [jury "may infer the existence of malice from the fact, proved beyond a reasonable doubt, that a defendant shot the victim, stabbed him, or otherwise harmed him with a deadly weapon"].) In the present case, the

- 2 -

jury was specifically instructed that it was only required to find the

predicate facts -- the uncharged acts -- by a simple preponderance of the

evidence. Accordingly, regardless of whether the predicate and ultimate

facts in this case were rationally related, the jury instructions

unconstitutionally violated appellant's federal constitutional right to have

his guilt proved beyond a reasonable doubt.

The Court's prejudice analysis is also deeply flawed. Relying on its

recent decision in *People* v. *James* (2000) -- Cal.App. -- [2000 Lexis 459],

the Court applies the *Chapman* (*Chapman* v. *California* (1967) 386 U.S.

18, 24) standard of review to the error in this case. (Slip opn., p. 14.) For

the reasons that follow, appellant respectfully submits that the

constitutional error in this case is not subject to harmless error analysis and

that *James'* contrary conclusion is wrong.

Perhaps the most serious problem with the *James* court's analysis of

this issue is that it fails to take into account the fundamental rule that when

a jury delivers a general verdict that may rest either on a legally valid or

legally invalid ground, the verdict may not stand when there is no way to

determine its basis. The United States Supreme Court has clearly stated

that "[w]hen . . . jurors have been left the option of relying upon a legally

inadequate theory, there is no reason to think that their own intelligence and

- 3 -

expertise will save them from error." (*Griffin* v. *United States* (1991) 502 U.S. 46, 59.) This principle, embodied in numerous United States Supreme Court decisions (see *Williams* v. *North Carolina* (1942) 317 U.S. 287, 292 ["To say that a general verdict of guilty should be upheld though we cannot know that it did not rest on the invalid constitutional ground on which the case was submitted to the jury, would be to countenance a procedure which would cause a serious impairment of constitutional rights."]; *Stromberg* v. *California* (1931) 283 U.S. 359, 368 ["if any of the clauses in question is invalid under the Federal Constitution, the conviction cannot be upheld"] *Cramer* v. *United States* (1945) 325 U.S. 1, 36, fn. 45; *Terminello* v. *Chicago* (1949) 337 U.S. 1, 5-6; *Yates* v. *United States* (1957) 354 U.S. 298, 312, overruled on other grounds in *Burks* v. *United States* (1978) 437 U.S. 1 ["the proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected"]), is also the law in California. (*People* v. *Guiton* (1993) 4 Cal.4th 1116, 1123-1124, 1128-1130.)

Under the foregoing rule, the convictions in this case cannot stand. The jury could have convicted appellant because it believed, beyond a reasonable doubt, that appellant did the acts described by the victim which

constituted the charged crimes. However, they could also have convicted because they found by a mere preponderance of the evidence that appellant committed other, uncharged acts, which shared a similar method, plan or scheme with the charged offenses, and then, on that finding alone, conclude that appellant "committed the crimes charged." Because the record on appeal provides no way to ascertain whether the jury chose to follow the legally impermissible route to conviction authorized by the jury instructions given, reversal is required.

The opinion in *James* also improperly distinguishes ***Sullivan* v. *Louisiana*** (1993) 508 U.S. 275. Noting that the United States Supreme Court "has repeatedly held" that mandatory presumptions are subject to review under the *Chapman* standard, *James* concludes: "We see no reason for different treatment of instructional error involving a permissive inference. Unlike the defective reasonable doubt instruction in *Sullivan*, an instruction permitting the jury to infer guilt from propensity does not *necessarily* violate the jury's verdict. It is trial error rather than a structural error." (***People* v. *James***, *supra*, 2000 Cal.App. Lexis 459 at pp. *37-*38 [original emphasis; footnote omitted].) This analysis cannot withstand scrutiny.

*Sullivan* itself does not suggest that the rule of per se reversal is

reserved for instructional errors which necessarily vitiate the jury's verdict.

Rather, *Sullivan* indicates that to determine whether or not *Chapman*

applies, one must bear in mind that the relevant inquiry under *Chapman*

itself "is not whether, in a trial that occurred without the error, a guilty

verdict would surely have been rendered, but whether the guilty verdict

actually rendered in *this* trial was surely unattributable to the error."

(*Sullivan* v. *Louisiana, supra,* 508 U.S. at p. 279 [original emphasis].)

*Sullivan* then teaches that if this inquiry cannot be applied to a given case in

a manner that makes analytical sense, harmless error review itself is

inappropriate.

> Once the proper role of an appellate court engaged in the *Chapman* inquiry is understood, the illogic of harmless-error review in the present case becomes evident. Since, for the reasons described above, there has been no jury verdict within the meaning of the Sixth Amendment, the entire premise of *Chapman* review is simply absent. There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless. There is no *object*, so to speak, upon which harmless-error scrutiny can operate. The most an appellate court can conclude is that a jury *would surely have found* petitioner guilty beyond a reasonable doubt -- not that the jury's actual finding of guilty beyond a reasonable doubt *would surely not have been different* absent the constitutional error. That is not enough. [Citation.] The Sixth Amendment requires more than appellate speculation about a hypothetical jury's action, or else directed verdicts for the State would be sustainable on appeal; it requires an actual jury finding of guilty.

-6-

(*Id.* at p. 280 [original emphasis].)

Although the error in the present case is not exactly like the one in *Sullivan*, its amenability to harmless error analysis is equally poor. Here there may or may not have been a jury verdict of guilty beyond a reasonable doubt on each of the elements of the charged offenses -- it is simply impossible to tell. CALJIC No. 2.50 and 2.50.1 authorized the jury to convict appellant of the charged crimes if it found, by a mere preponderance of the evidence, that he had committed the uncharged crimes. Because we do not know whether appellant's convictions were *actually* based on a finding of guilt beyond a reasonable doubt, short of engaging in unwarranted "appellate speculation," we cannot say whether the guilty verdicts actually rendered in *this* trial *would surely not have been different* absent the constitutional error. (*Sullivan* v. *Louisiana*, *supra*, 508 U.S. at p. 280.) Accordingly, as in *Sullivan*, "the entire premise of *Chapman* review is simply absent" and "the question whether the *same* verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless." (*Ibid.* [original emphasis].)

Moreover, although there is surface appeal to the idea that if mandatory presumptions qualify for harmless error analysis, permissive presumptions must also (see *People* v. *James*, *supra*, 2000 Cal.App. Lexis

- 7 -

459 at pp. *37-*38), *Sullivan* itself does not support such a simplistic analysis.  To be sure, *Sullivan* does indicate that the *Chapman* standard of review may be applied to verdicts rendered by juries instructed on mandatory presumptions regarding an element of the charged offense. (***Sullivan* v. *Louisiana***, *supra*, 508 U.S. at p. 280.)  However, as explained in *Sullivan*, this is possible because the jury "must still find the existence of those [predicate] facts beyond a reasonable doubt."  (*Id.* at pp. 1280-281.)  In the present case, as in *James*, appellant's jury was *not* required to find the existence of the predicate facts -- *i.e.*, the uncharged crimes -- by proof beyond a reasonable doubt.  Hence, even though the instructional error at issue in this case can be described as having created a permissive inference, it cannot be concluded that harmless error analysis is appropriate for this reason.

## CONCLUSION

For all the foregoing reasons, the Court should grant rehearing and reverse the judgment.

Respectfully submitted,

William J. Capriola
Counsel for Appellant

## DECLARATION OF SERVICE

Re: *People v. Nguyen*                              No. A085335

I, Regan Balinton, declare that I am over eighteen years of age, and not a party to the within cause; my employment address is Post Office Box 1536, Sebastopol, California 95473-1536. I served a true copy of the attached:

### PETITION FOR REHEARING

on each of the following, by placing same in an envelope (or envelopes) addressed (respectively) as follows:

Richard Such, Staff Attorney
First District Appellate Project
730 Harrison Street, Suite 201
San Francisco, California 94107

Bill Lockyer
State Attorney General
455 Golden Gate Avenue, Room 11,000
San Francisco, California 94102

James P. Fox
District Attorney
401 Marshall Street
San Mateo, California 94063

Luc Van Nguyen
P-18480
High Desert State Prison
Post Office Box 3030
Susanville, California 96127

Superior Court of California
County of San Mateo
401 Marshall Street
Redwood City, California 94063

Each envelope was then, on August 11, 2000, sealed and deposited in the United States Postal Service at San Francisco, California, with the first class postage thereon fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 11th day of August 2000.

Regan Balinton

TS210B                    CALIFORNIA DEPARTMENT OF CORRECTIONS
                             VTAS TRUST ACCOUNT DISPLAY

------------- ACCOUNT INFORMATION -- - - -- ------- ------

ACCOUNT NUMBER:  P16480
   ACCOUNT NAME:  NGUYEN LUC  DAK
   ACCOUNT TYPE:  I
CURRENT BALANCE:        0.00
   HOLD BALANCE:        0.00
  ENCUM. BALANCE:       0.00
      AVAILABLE:        0.00
PRIVILEGE GROUP:  A
   LAST CANTEEN:  07/17/2003

--------- HOUSING LOCATION ----------    ------ -- ARRIVAL INFORMATION - ...

        FACILITY:  PVP                    ARRIVAL DATE:  06/20/2003
BED/CELL NUMBER:  LFB7TP000000204L       ARRIVAL STATUS:  NORTK
                                          FROM LOCATION:  CMP
                                        ARRIVAL CURRENT

   TS210BA           BEGINNING BAIL FOR TRANSACTION DISPLAY
No Account Activity for this period  Enter date or press a function key
   REST                                  DISPLAY  SELECT   PRIN.   DATE
   FINES                                 HOLDS  NEW ACCT  SCREEN   MENU

**Form 4.  Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis**

United States District Court for the Ninth *Circuit Court of Appeals* District of *First Appellate,* ( Division Three ( California)

People of the State of California, **Plaintiff**

v.

Luc Van Nguyen **C.D., Defendant**

Case No. _A 085335_

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct.  (28 U.S.C. § 1746; 18 U.S.C § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: *Nguyen Luc Van* | Date: _10-28-2005_ |

**My issues on appeal are:**

(a)    For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse N/A 0 |
| Employment | $ 0 | $ 0/A | $ 0 | $____ |
| Self-employment | $ 0 | $ N/A | $ 0 | $ N/A 0 |
| Income from real property (such as rental income) | $ 0 | $ N/A | $ 0 | $ N/A 0 |
| Interest and dividends | $ 0 | $ N/A | $ 0 | $ N/A 0 |

- 177 -

| Gifts | $ _____ | $ N/A | $ _____ | $ N/A |
| Alimony | $ _____ | $ N/A | $ _____ | $ N/A |
| Child support | $ _____ | $ N/A | $ _____ | $ N/A |
| Retirement (such as social security, pensions, annuities, insurance) | $ _____ | $ N/A | $ _____ | $ N/A |
| Disability (such as social security, insurance payments) | $ _____ | $ N/A | $ _____ | $ N/A |
| Unemploy-ment pymts. | $ _____ | $ N/A | $ _____ | $ N/A |
| Public-assistance (such as welfare) | $ _____ | $ N/A | $ _____ | $ N/A |
| Other (specify):____ | $ _____ | $ N/A | $ _____ | $ N/A |
| **Total monthly income:** | $ _____ | $ N/A | $ _____ | $ N/A |

2. *List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A currently in pleasant valley state prison (CALIFORNIA) | · | N/A | Ø (NONE) |

- 178 -

3. *List your spouse's employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A (NONE) | | | |
| | | | |
| | | | |

4. *How much cash do you and your spouse have?*   $ ____

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| NONE | | $ | $ N/A |
| | | $ | $ |
| | | $ | $ |

**If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

Home          (Value)        **Other real estate**    (Value)

NONE                          None

**Motor vehicle #1**
(Value)  None

Make & year:

Model:

Registration #:

**Motor vehicle #2**
(Value)  NO

Make & year:

Model:

Registration #:

**Other assets**
(Value)  No

**Other assets**
(Value)  None

6. *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| *None* | *None* | *None* |
| | | |
| | | |

7. *State the persons who rely on you or your spouse for support.*

| Name | Relationship | Age |
|---|---|---|
| *None* | | |
| | | |
| | | |

8. *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real-estate taxes included? ☐ Yes ☐ No Is property insurance included? ☐ Yes ☐ No | $ *N/A* *(currently in state prism)* | $ *N/A* |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $ *N/A* | $ *N/A* |
| Home maintenance (repairs and upkeep) | $ *N/A* | $ *N/A* |
| Food | $ *N/A* | $ *N/A* |
| Clothing | $ *N/A* | $ *N/A* |
| Laundry and dry-cleaning | $ *N/A* | $ *N/A* |
| Medical and dental expenses | $ *N/A* | $ *N/A* |
| Transportation (not including motor vehicle payments) | $ *N/A* | $ *N/A* |
| Recreation, entertainment, newspapers, magazines, etc. | $ *N/A* | $ *N/A* |
| Insurance (not deducted from wages or included in Mortgage payments) | $ *N/A* | $ *N/A* |
| Homeowner's or renter's | $ *N/A* | $ *N/A* |
| Life | $ *N/A* | $ *N/A* |

Health                                                              $ _N/A_    $ _N/A_

Motor Vehicle                                                       $ _N/A_    $ _N/A_

Other: _____                                       $ _N/A_    $ _N/A_

Taxes (not deducted from wages or included in
    Mortgage payments) (specify): _____                    $ _N/A_    $ _N/A_

Installment payments                                                $ _NONE_   $ _N/A_

    Motor Vehicle                                                   $ _NONE_   $ _N/A_

        Credit card (name): _____                         $ _NONE_   $ _N/A_

        Department store (name): _____                      $ _NONE_   $ _N/A_

        Other: _____                              $ _NONE_   $ _N/A_

Alimony, maintenance, and support paid to others                   $ _NONE_   $ _N/A_

Regular expenses for operation of business, profession,            $ _N ONE_  $ _N/A_
or farm (attach detailed statement)

Other (specify): _____                            $ _NONE_   $ _N/A_

**Total monthly expenses:**    $ _N/A_    $ _N/A_

9. *Do you expect any major changes to your monthly income or expenses or in
   your assets or liabilities during the next 12 months?*
   □ Yes        ☒ No                    If yes, describe on an attached sheet.

10. *Have you paid — or will you be paying — an attorney any money for services
    in connection with this case, including the completion of this form?*
    Yes □        No ☒

If yes, how much? $_____
If yes, state the attorney's name, address, and telephone number:
    _NONE_ _____

_____

_____

- 181 -

11. *Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?*
   □Yes        ☒No

If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*
   I am currently in prison at the pleasant valley State prison
   in California. I have a friend but is very poor and
   unable to help me pay for any fees.

13. *State the address of your legal residence.*
   Nguyen Van Luc
   P18480    C2 -206 up
   P.o. Box   8503
   Coalinga, CAlifornia    93210

Your daytime phone number: (___)    N /A (Pleasant Valley State Prison)

Your age: 62        Your years of schooling: 5-6 years.

Your social-security number: 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

*Statement of the case and Question(s) Presented, written by Luc Nguyen*

RECEIVED
APR 2 6 2004
OFFICE OF THE CLERK
SUPREME COURT, U.S.

To SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D.C. 20543-0001

1) This is a Petition for a writ of Certiorari. please examine careful on my case, in trail The first thing, I discussed with Public Defender is to get transcripts from Mental Hospital in Stockton, The name is San Joaquin County Program of heath Care Services. 4422 N. PERSHING AVE Suite D. He did not follow thru with my wishes, I was not in my right mind before or during trail.

2) I had witnessed on my behalf with talked to public defender, but was never brought to trail to speak on my behalf, and I was given no reason why they were rejected, I was Convicted soley on hearsay of the defendant, there was no evident at all in my Trail. none Just hearsay.

3) I lost in trail on hearsay a lone, no witneses on my behalf and no evidence What so ever, I was sentenced To 98 years 8 month, witch I was lead to believed would never happen, I was devastated as were my family, The whole trail was unfair.

4) I take it upon me to fight for my freedom. I'm strongly believe then was unsubstantial, and bias evidence in any regard to my Case, I don't understand how the People of righteous American Can be so vague and obscure, then was only bias witnesses speaking with blasphemy to be concerned with the outcome of my life, the public defender did not Practice Law to his ability toward my Case, many evidence that can be Crucial to the Case, but against my request the publice defender never submitted

page 6

and he said with me, on my Case half Crime, half Political from the days sentenced to today, I Just understand, from all Jury and the Justic were hated or discriminated People from North Vietnamese, but Please look back my record and any life from 1981 to 1997, I'm not gangter or doing Political party.

5) I want my Court transcripts look at and investigated. I speak very Little English and need Vietnamese interpeter I Appreciate your help and all you can do, Please stay in touch one, and if you can come to see me, So I can explain more in detail. I'm already Appreciate.

### Conclusion

for all the foregoing reason, Judment must be reversed and the case Remanded for a new trail, Alternatively the sentense must be modified.

4 - 11 - 04    Nguyen Vanlanhy

P18480

page 7

<u>Statement of the case in Vietnamese</u>
<u>Please have a certified ~~the~~ interpreter for</u>
<u>translation for</u>
<u>accuracy !</u>

Đơn Xin Khang An,

Kính gửi : Toà Án Cao Cấp Nhất Của Nước Mỹ.
Tên tôi Là : Nguyễn Văn Lục số tù Là P18480. hiện nay ở địa
chỉ ngoài phong bì.

Tôi đã chống án lên toà superior. C.A và Toà Supreme
Court CA , hai toà trên đã từ chối, sau đó luật sư Appeal
gửi cho tôi một lá thư, ông nói cần chống án lên toà
Federals court hoặc toà, cao cấp nhất Nước Mỹ Là Supreme
Court of the United States. Tôi đã chống án lên toà Federals
Cũng bị từ chối. và hiện nay Tôi. Chỉ còn mong đợi Toà án
Supreme court of the united states oua thôi, làm ơn tìm
một người đọc giỏi tiếng việt và dịch ra tiếng anh Là thư
này dùm tôi, Toà sẽ hiểu Nhiều về hoàn cảnh Của tôi.
Sự việc xảy ra vào ngày 6 tháng 10 năm 1997, sáng Chủ Nhật
Tôi đưa cho Nguyễn Kim Thoa một số tiền Là $350 , đến 9
giờ tối, tôi hỏi Nguyễn Kim Thoa số tiền trên Chi tiêu Như
Thế Nào, Thoa trả lời $300 đem trả ong cho ban còn $50
đóng tiền, mua sách Của Nhà trường, Những thức ở
trong ví Của Thoa Còn Lại $20, tôi hỏi thiếu $30, Thoa
Không trả lời rõ.
Vì khoảng 1 tháng trước tôi đi làm xa Nhà. 200 miles.
Tôi gọi Phon về Nhà, Thoa đi Làm đến 12 giờ đêm mới về
hàng ngày thoa đi làm đến 9 giờ tối là về từ chỗ làm đi bà
về Nhà khoảng 10 phút, tại sao Thoa đi đến 12 giờ đêm
Ngày hôm sau tôi đi về Nhà gặp bà Nguyễn Thi Thach Là
bạn gái Của tôi, bà Thach cho tôi biết, Thoa đi làm Khua
về xuất ra đấy Nhà, và cả Chăn màn Nửa. đồng Thời
tôi tìm thấy Nhiều Viên thuốc Kích thích, loại công với —
Cocaine , tôi khuyên thoa Không nên đi và con đường oua
Túy, Thoa trả lời, Những gì người Khác Làm được Thì Thoa
cũng Làm được .

page 8

Vì mà nghi ngờ Thoa đi vào con đường nghiện ma tuý, công với số
tiền thiếu hụt kể trên, Thoa không chịu nói cho tôi nghe sự thật
đồng thời Thoa có ý định bỏ Nhà đi theo bạn trai, nên tôi giận quá
đã đánh Thoa bằng cái thước đo .

Anh một của thoa là Dương Nguyên gọi Phone cho cảnh sát bắt
Tôi hồi 10 giờ 30 tối Ngay 6 tháng 10 năm 1997 phải đến tôi ngồi ở
bàn ăn nơi Nhà bếp , Thoa và Dương Nguyên ngồi chung
một bàn là Nơi Cảnh Sát , Cho nên Thoa và Dương đã đan cho
Tôi Cầm dao Chém thoa và Những điều Xấu tôi Không có làm
nếu Nhé tôi cầm giao Chém thoa tại bao cảnh sát không bắt tôi
và Cảnh sát Cũng không thấy tôi Cầm giao .

Nguyên khi thoa khai với toà là tôi hiếp Thoa cho có bầu .
Vậy tôi yêu Cầu toà Cho Xét nghiêm DNA hoặc mang ra
một bằng Chứng Nào cụ thể hoặc hình ảnh hoặc bất cả
một bằng Chứng Nào về y học , khoa học để kết luận
là tôi có hiếp dâm thoa? tất cả là không ai chỉ có
một thoa đúng nói trước toà mà thôi .

Tôi có Người làm chứng, toà Cũng Không Cho người làm chứng
Của tôi làm toà .

Luật Sư Patrick S. Concannon Không có giúp tôi phạm , thuốc
đó tôi đi bệnh thần kinh , và uống nhiều thuốc quá liều , do đó
tôi bị liệt dường , Cho đến Cả bạn gái của tôi cũng không
Thể ngủ Chung được , hỏi làm sao Có thể hiếp dâm thoa .
tôi có địa Chỉ bệnh Viện và địa Chỉ tiệm bán thuốc , Nhưng Luật
Sư Không chịu đến những Nơi tôi yêu cầu để tìm Chứng lý
Cho tôi , tôi tin chắc là toà Án San mateo đã phán xử tôi qua
bất Công và có tính cách kỳ thị Chủng tộc , Chánh án toà
Sau Mateo khi Phán án với sự phần Nộ , đồng thời bà nói
Nước Mỹ rất giàu mạnh nuôi tôi 100 năm Không nhằm nhò
gì hết .

Mong Toà án Cao cấp Nhất nước mỹ Cho tôi một Có hội được
Xử Lại Cho Công bằng , bởi Vì Ông luật Sư cũng nói với tôi là
ưu ái của tôi một nửa là hình sự , một nửa là Chính trị
có nghĩa là người Mỹ Căm hận người Việt Nam , nên khi
Xử án Không Cần Nhân đạo .
                                      Nay kính Xin

P18480    4-11-04        page 9        Nguyen vanHucky

Appendix  C

# WARD & CAPRIOLA

November 6, 2000

Luc Van Nguyen, P-18480
High Desert State Prison
Post Office Box 3030
Susanville, California 96127

*Attorneys at Law*

John Ward
William J. Capriola

Dear Mr. Nguyen:

I regret to inform you that the California Supreme Court denied review in your case on October 18, 2000. This brings to an end my representation of you. You have the option of pursuing your case further in propria persona if you wish to do so.

Post Office Box 1536
Sebastopol, California 95473
707 · 829 · 9490
707 · 829 · 9491 (fax)

Your can petition the United States Supreme Court for a writ of certiorari. You have 90 days from October 18, 2000 to get that filed. If you write to the Clerk, Supreme Court of the United States, Washington, D.C. 20543 and ask for forms to file a certiorari petition in forma pauperis they will send you the necessary forms. The telephone number is (202) 479-3011.

If the Supreme Court denies certiorari, or if you decide not to petition for certiorari, you can file a petition for habeas corpus in the United States District Court for the Northern District of California. You can write to Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, Suite 1111, San Francisco, California 94102. The telephone number is (415) 522-2000. Tell them you want to file a habeas petition in forma pauperis and they will send you forms. You have one year and 90 days from October 18, 2000 to file a habeas petition.

Per your request, I sent the transcript of your trial to Thach Nguyen. I wish you the best of luck.

Very truly yours,

William J. Capriola

CALIFORNIA DEPARTMENT OF CORRECTIONS
PLEASANT VALLEY STATE PRISON
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: APR. 01, 2004 THRU MAY 07, 2004

ACCOUNT NUMBER : P13980                    BED/CELL NUMBER: CFB3T1000000117U
ACCOUNT NAME   : NGUYEN, LUC VAN                ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

<< NO ACCOUNT ACTIVITY FOR THIS PERIOD >>

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

|  |
|---|
| CURRENT AVAILABLE BALANCE |
| 0.00 |

Appendix E

52

SUPERIOR COURT – HALL OF JUSTICE & RECORDS
IN AND FOR THE COUNTY OF SAN MATEO

10/27/98
15:14

CASE NO. SC042149 A    DATE: 10/26/98    TIME: 09:00    DEPT.: 5

PEOPLE VS. LUC VAN NGUYEN

JUDGE:      MARTA S DIAZ, JUDGE        CLERK:       TAMMY MAGILL
REPORTER: JANICE TENISI                2ND CLERK:  NONE
D.A.:        LISA NOVAK                 DEFENSE CO: PAT CONCANNON

PROCEEDINGS: PROBATION REPORT AND SENTENCING

---

CHARGES: 1. PC 245(A)(1) W/PC 1192.7(C)(23)
         2. PC 245(A)(1) W/PC 1192.7(C)(23)
         3. PC 273D W/PC 1192.7(C)(23)
         4. PC 273A(A) W/PC 1192.7(C)(23)
         5. PC 261.5(C)
         6. PC 261(A)(2) W/PC 1203.065(A)
         7. PC 245(A)(1) W/PC 1192.7(C)(23)
         8. PC 273D W/PC 1192.7(C)(23)
         9. PC 273A(A)
        10. PC 261(A)(2) W/PC 1203.065(A)
        11. PC 261.5(C)
        12. PC 261(A)(2) W/PC 1203.065(A)
        13. PC 261.5(C)
        14. PC 261.5(C)
        15. PC 261(A)(2) W/PC 1203.065(A)
        16. PC 261.5(C)
        17. PC 261(A)(2) W/PC 1203.065(A)
        18. PC 261.5(C)
        19. PC 261(A)(2) W/PC 1203.065(A)
        20. PC 261.5(D)
        21. PC 288(C)(1)
        22. PC 261(A)(2) W/PC 1203.065(A)
        23. PC 261.5(D)
        24. PC 288(C)(1)
        25. PC 261(A)(2) W/PC 1203.065(A)
        26. PC 261.5(D)
        27. PC 288(C)(1)
        28. PC 261(A)(2) W/PC 1203.065(A)
        29. PC 261.5(D)
        30. PC 288(C)(1)
        31. PC 261(A)(2) W/PC 1203.065(A)
        32. PC 288(C)(1)
        33. PC 288(C)(1)
        34. PC 288(C)(1)
        35. PC 288(C)(1)

522

CASE NO. SC042149 A      DATE: 10/26/98      TIME: 09:00      DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

     36. PC 288(A)

---

11:22 A.M. : COURT CONVENED.  COUNSEL PRESENT.
    DEFENDANT PRESENT IN CUSTODY.

LINH MUSFELT PRESENT AND DULY SWORN/HAS OATH ON FILE AS
    VIETNAMESE LANGUAGE INTERPRETER.

PROBATION OFFICER'S REPORT RECEIVED, REVIEWED AND
    ORDERED FILED.

DEFENDANT WAIVED FORMAL ARRAIGNMENT FOR JUDGMENT.

DEFENDANT STATED THERE IS NO LEGAL CAUSE WHY SENTENCE
    SHOULD NOT NOW BE PRONOUNCED.

                                        -- - . - ---

PROBATION IS DENIED.

DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS
    AS FOLLOWS:

THE COURT FINDS CIRCUMSTANCES IN AGGRAVATION AS TO ALL
    COUNTS SENTENCED BELOW:

AS TO COUNT 8 VS. PC 273D IMPOSED THE UPPER TERM OF 6
    YEAR(S) 0 MONTH(S).

AS TO COUNT 6 VS. PC 261(A)(2) IMPOSED THE UPPER TERM OF
    8 YEAR(S) 0 MONTH(S).

COUNT 6 TO BE SERVED CONSECUTIVE TO COUNT 8.

AS TO COUNT 10 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 10 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 12 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 12 TO BE SERVED CONSECUTIVE TO COUNT 6.

CASE NO. SC042149 A    DATE: 10/26/98    TIME: 09:00    DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

AS TO COUNT 15 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 15 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 17 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 17 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 19 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 19 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 22 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 22 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 25 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 25 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 28 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 28 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 31 VS. PC 261(A)(2) IMPOSED THE UPPER TERM
    OF 8 YEAR(S) 0 MONTH(S).

COUNT 31 TO BE SERVED CONSECUTIVE TO COUNT 6.

AS TO COUNT 1, THE COURT SELECTS 4 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 1 VS. PC 245(A)(1) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 1 YEAR(S) 0 MONTH(S).

COUNT 1 TO BER SERVED CONSECUTIVE TO ALL OTHER COUNTS

CASE NO. SC042149 A      DATE: 10/26/98      TIME: 09:00      DEPT.:
PEOPLE VS. LUC VAN NGUYEN

AS TO COUNT 2, THE COURT SELECTS 4 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 2 VS. PC 245(A)(1) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 1 YEAR(S) 0 MONTH(S).

COUNT 2 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

AS TO COUNT 14, THE COURT SELECTS 3 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 14 VS. PC 261.5(C) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

COUNT 14 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

AS TO COUNT 33, THE COURT SELECTS 3 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 33 VS. PC 288(C)(1) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

COUNT 33 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

AS TO COUNT 34, THE COURT SELECTS 3 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 34 VS. PC 288(C)(1) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

COUNT 34 TO BER SERVED CONSECUTIVE TO ALL OTHER COUNTS.

AS TO COUNT 35, THE COURT SELECTS 3 YEARS AS THE
    AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
    AS FOLLOWS:

AS TO COUNT 35 VS. PC 288(C)(1) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

COUNT 35 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

CASE NO. SC042149 A      DATE: 10/26/98      TIME: 09:00      DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

AS TO COUNT 36, THE COURT SELECTS 8 YEARS AS THE
      AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
      AS FOLLOWS:

AS TO COUNT 36 VS. PC 288(A) IMPOSED ONE-THIRD THE
      MIDDLE TERM FOR A TERM OF 2 YEAR(S) 0 MONTH(S).

COUNT 36 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

AS TO COUNT 7, THE COURT SELECTS 4 YEARS AS THE
      AGGRAVATED BASE TERM, STAYING ALL BUT 1/3 THE MID-TERM
      AS FOLLOWS:

AS TO COUNT 7 VS. PC 245(A)(1) IMPOSED ONE-THIRD THE
      MIDDLE TERM FOR A TERM OF 1 YEAR(S) 0 MONTH(S).

COUNT 7 TO BE SERVED CONSECUTIVE TO ALL OTHER COUNTS.

SENTENCE AS TO COUNT 3 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 4 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 5 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 9 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 11 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 13 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 16 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 18 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

SENTENCE AS TO COUNT 20 STAYED/STRICKEN.   REASON:
      PURSUANT TO PC 654.

526

CASE NO. SC042149 A    .    DATE: 10/26/98        TIME: 09:00        DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

SENTENCE AS TO COUNT 21 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 23 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 24 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 26 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 27 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 29 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

SENTENCE AS TO COUNT 30 STAYED/STRICKEN.   REASON:
     PURSUANT TO PC 654.

DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS FOR THE
     TOTAL TERM OF 93 YEAR(S) 8 MONTH(S).

CREDIT FOR 385 ACTUAL DAYS SERVED, PLUS 57 DAYS GOOD
     TIME/WORK TIME PLUS 0 PROGRAM TIME FOR A TOTAL OF 442.

DEFENDANT REMANDED TO THE CUSTODY OF THE SHERIFF TO BE
     DELIVERED TO CALIFORNIA STATE PRISON, SAN QUENTIN.

THE DEFENDANT IS ORDERED TO PAY RESTITUTION TO THE   .
     VICTIM IN THE AMOUNT OF $10,000.00 AS SET FORTH IN
     SECTION 1202.4(B)(B)(2).

THE DEFENDANT MAY SATISFY THIS RESTITUTION ORDER BY
     SIGNING OVER HIS BOAT, WHICH IS VALUED AT $10,000.00 TO
     THE VICTIM; THEREBY NOT HAVING HIS CANTEEN MONEY TAKEN
     FROM HIM IN THE DEPARTMENT OF CORRECTIONS.

THE VICTIM SHALL GIVE THE COURT NOTICE WHEN THE JUDGMENT
     .    IS SATISFIED.

DEFENDANT SHALL PAY A $200.00 RESTITUTION FUND FINE AS   .
     MANDATED BY PENAL CODE SECTION 1202.4 PLUS 10 % OR $0.00
     COLLECTION FEE.

527

CASE NO. SC042149 A    DATE: 10/26/98    TIME: 09:00    DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

FINE(S) TO BE COLLECTED BY THE DEPARTMENT OF CORRECTIONS

DEFENDANT WILL PAY A PAROLE FEE IN ACCORDANCE WITH PC
    1202.45.    THAT WILL BE STAYED PENDING COMPLETION OF THE
    SAME.    DEFENDANT WILL EARN 15% CREDIT IN DEPARTMENT OF
    CORRECTIONS SINCE BEING CONVICTED OF VIOLENT FELONIES

DEFENDANT SHALL REGISTER AS REQUIRED PURSUANT TO PC 290
    AS A SEX OFFENDER.    THIS IS NOT A CONDITION OF
    PROBATION.

REGISTRATION FEE OF $200.00 PURSUANT TO PC 290.3 IS
    STAYED AS THE COURT FINDS THE DEFENDANT DOES NOT HAVE
    THE ABILITY TO PAY

AIDS TESTING PURSUANT TO 1202.1 PC IS ORDERED.

DEFENDANT ADVISED OF RIGHT TO APPEAL, APPEAL PROCEDURE
    AND RIGHT TO APPOINTED COUNSEL PURSUANT TO RULE 470,
    CALIFORNIA RULES OF COURT.

COUNT 32 WAS NOT ADDRESSED ON THE RECORD. CASE BEING
    CONTINUED TO THURSDAY, 10/29/98 FOR THAT PURPOSE.

DEFENDANT DOES NOT NEED TO BE PRESENT FOR NEXT DATE.

ALL ORIGINAL SENTENCE ELEMENTS FOR THIS PROCEEDINGS
    ENTERED.

ENTERED ON CJIS BY TAMMY DATE 10/27/1998.

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 290

☒ SUPERIOR
☐ MUNICIPAL } COURT OF CALIFORNIA, COUNTY OF __SAN MATEO__
☐ JUSTICE

COURT (I.D.) ____ 4 1 ____    BRANCH OR JUDICIAL DISTRICT: _____

FILED
SAN MATEO COUNTY
NOV 10 1998
Clerk of the Superior Court
By _____

5 2 8

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: LUC VAN NGUYEN
AKA:

☒ PRESENT   SC 42149   -A
☐            -B
☐ NOT PRESENT  -C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT
AMENDED
ABSTRACT ☐
CHS   -D
-E

| DATE OF HEARING (MO) (DAY) (YR) 10/26/98 | DEPT. NO 5 | JUDGE MARTA S. DIAZ | CLERK TAMMY NAGILL |
|---|---|---|---|
| REPORTER JANICE TENISI | COUNSEL FOR PEOPLE LISA NOVAK | COUNSEL FOR DEFENDANT PAT CONCANNON | PROBATION NO. OR PROBATION OFFICER |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):   SENTENCE RELATION

☒ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ___3___ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (FLAGS) | ENHANCEMENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE FULL | CONSECUTIVE 1/3 NON-VIO | MANDATORY CONSECUTIVE COMMUNITY COMM ITMENT | 664 STAT | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | PC | 273D - INFLICT INJURY UPON CHILD | | 97 | 9 | 25 | 98 | X | | U | | | | | | | | 6 | 0 |
| | | | | | | | | | | | | | | | | | | | |
| 10 | PC | 261(A)(2) - RAPE BY FORCE (FEAR) | | 97 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| | | | | | | | | | | | | | | | | | | | |
| 15 | PC | 261(A)(2) - RAPE BY FORCE (FEAR) | | 97 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.:
For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385.
Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly in § 667-series) and OTHER.
2 all enhancements based on prior convictions or prior prison terms charged and found true, if 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2
es). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any ...er enhancement not provided for in space 2.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |

(CIRCUMSTANCES IN AGGRAVATION FOUND AS TO EACH COUNT) DEFENDANT TO PAY $10,000 - RESTITUTION TO VICTIM PURS § 1202.4(B)(G)(2) WHICH CAN BE SATISFIED IF DEFT SIGNS OVER FINE $200 - PLUS 10% COLLECTION FEE, PURS § 1202.4 MOS TESTING (PURS § 1202.1) ORDERED; DEFENDANT TO REGISTER AS SEX OFFENDER (PURS § 290) REGISTRATION FEE OF $200 - (PURS § 290.3) STAYED BY COURT DUE TO DEFENDANT'S INABILITY TO PAY.

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):   55 8

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED:   93 8

9. EXECUTION OF SENTENCE IMPOSED:

A. ☒ AT INITIAL SENTENCING HEARING
B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. ☐ AFTER REVOCATION OF PROBATION
D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. ☐ OTHER _____

| 10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 10/26/98 | CREDIT FOR TIME SPENT IN CUSTODY 442 | TOTAL DAYS INCLUDING: | ACTUAL LOCAL TIME 385 | LOCAL CONDUCT CREDITS 57 | STATE INSTITUTIONS ☐ DMH   ☐ CDC |

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN – FRONTERA
☐ CALIF. MEDICAL FACILITY – VACAVILLE
☐ CALIF. INSTITUTION FOR MEN – CHINO
☐ DEUEL VOC. INST.
☒ SAN QUENTIN
☐ OTHER (SPECIFY):

## CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE 11/10/98 |
|---|---|

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

adopted by the
Judicial Council of California
Effective April 1, 1992

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
FORM DSL 290

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT PAGE**

FORM DSL 290-A

529

| ☐ SUPERIOR ☐ MUNICIPAL ☐ JUSTICE | COURT OF CALIFORNIA, COUNTY OF _SAN MATEO_ |

BRANCH OR JUDICIAL DISTRICT: _____

COURT (I.D.)  4.1

| | CASE NUMBER (S) | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA versus | ☑ PRESENT | SC42149 • A |
| DEFENDANT: LUC VAN NGUYEN | | • B |
| AKA: | ☐ NOT PRESENT | • C |
| COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT | AMENDED ☐ ABSTRACT | • D |
| | | • E |

DATE OF HEARING (MO) (DAY) (YR)
10 26 98

NOV 10 1998
Clerk of the Superior Court
By _____ Deputy Clerk

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

THIS IS ATTACHMENT PAGE NO. _1_

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMM'TD | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | TERM MJ/AG | ENHANCEMENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NONVIOL | CONCURRENT FULL TERM | MISC | STAYED | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 97 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 19 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 96 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 22 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 96 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 25 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 96 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 28 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 95 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 31 | PC | 261(A)(2) – RAPE BY FORCE/FEAR | | 95 | 9 | 25 | 98 | X | | U | | | | | | | | 8 | 0 |
| 1 | PC | 245(A)(1) – ASSAULT W/ DEADLY WEAPON | | 97 | 9 | 25 | 98 | X | | | | | X | | | | | 1 | 0 |
| 2 | PC | 245(A)(1) – ASSAULT W/ DEADLY WEAPON | | 97 | 9 | 25 | 98 | X | | | | | X | | | | | 1 | 0 |
| 14 | PC | 261.5(C) – UNLAWFUL SEXUAL INTERCOURSE | | 97 | 9 | 25 | 98 | X | | | | | X | | | | | 0 | 8 |
| 33 | PC | 288(C)(1) – LEWD ACT UPON CHILD | | 95 | 9 | 25 | 98 | X | | | | | X | | | | | 0 | 8 |
| 34 | PC | 288(C)(1) – LEWD ACT UPON CHILD | | 94 | 09 | 25 | 98 | X | | | | | X | | | | | 0 | 8 |
| 35 | PC | 288(C)(1) – LEWD ACT UPON CHILD | | 94 | 9 | 25 | 98 | X | | | | | X | | | | | 0 | 8 |
| 36 | PC | 288(A) – LEWD/LASCIVIOUS ACT | | 93 | 94 | 9 | 25 | 98 | X | | | | | X | | | | | 2 | 0 |
| 40 | PC | 245(A)(1) – ASSAULT W/ DEADLY WEAPON | | 97 | 9 | 25 | 98 | X | | | | | X | | | | | 2 | 0 |
| 3 | PC | 273D – INFLICT INJURY UPON CHILD | | 97 | 9 | 25 | 98 | X | | | | | | | | | X | | | |

TOTAL  55 | 8

2. ENHANCEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the 12022 series) for counts listed on this page.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

TOTAL

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |

| 4. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: | 55 8 |
|---|---|

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT FORM DSL 290-A**

Pen.C. 1213.5

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT PAGE**

FORM DSL 290-A

FILED
SAN MATEO COUNTY

530

☒ SUPERIOR
☐ MUNICIPAL
☐ JUSTICE

COURT OF CALIFORNIA, COUNTY OF SAN MATEO

COURT (I.D.) ___

BRANCH OR JUDICIAL DISTRICT: ___

NOV 1 0 1998

Clerk of the Superior Court

by ___

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: LUC VAN NGUYEN
AKA:

| | CASE NUMBER (S) | |
|---|---|---|
| ☒ PRESENT | SC 42149 | -A |
| | | -B |
| ☐ NOT PRESENT | | -C |

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT

AMENDED
ABSTRACT ☐

-D
-E

DATE OF HEARING (MO) (DAY) (YR)
10 26 98

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

THIS IS ATTACHMENT PAGE NO. 2

SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | ENH LR JUR | CONCURRENT | CONSECUTIVE ½ VIOLENT | CONSECUTIVE FULL TERM | CONSECUTIVE ½ NON VIOLENT | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | | | | | | | YEARS | MONTHS |
| 4 | PC | 273A(A) | CRUELTY TO CHILD | 97 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 5 | | | | | | | | | | | | | | | | | | |
| 9 | PC | 273A(A) | CRUELTY TO CHILD | 97 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 16 | PC | | | | | | | | | | | | | | | | | |
| 13 | PC | 261.5(C) | UNLAWFUL SEXUAL INTERCOURSE | 97 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 16 | PC | 261.5(C) | UNLAWFUL SEXUAL INTERCOURSE | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 18 | PC | 261.5(C) | UNLAWFUL SEXUAL INTERCOURSE | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 20 | PC | 261.5(C) | UNLAWFUL SEXUAL INTERCOURSE | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 21 | PC | 288(C)(1) | LEWD ACT UPON CHILD | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 23 | PC | 261.5(D) | UNLAWFUL SEXUAL INTERCOURSE | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 24 | PC | 288(C)(1) | LEWD ACT UPON CHILD | 96 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 26 | PC | 261.5(D) | UNLAWFUL SEXUAL INTERCOURSE | 95 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 27 | PC | 288(C)(1) | LEWD ACT UPON CHILD | 95 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 29 | PC | 261.5(D) | UNLAWFUL SEXUAL INTERCOURSE | 95 | 9 | 25 | 98 | X | | | | | | | | X | | |
| 30 | PC | 288(C)(1) | LEWD ACT UPON CHILD | 95 | 9 | 25 | 98 | X | | | | | | | | X | | |

TOTAL 0 0

ENHANCEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the §12022 series) for counts listed on this page.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

TOTAL

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE: 00

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
ATTACHMENT FORM DSL 290-A

Pen.C. 1213.5

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
**ATTACHMENT PAGE**

FORM DSL 290-A

531

| ☒ SUPERIOR ☐ MUNICIPAL ☐ JUSTICE } COURT OF CALIFORNIA, COUNTY OF  SAN MATEO |
|---|

COURT (I.D.) 41    BRANCH OR JUDICIAL DISTRICT: _____

**PEOPLE OF THE STATE OF CALIFORNIA** versus
**DEFENDANT:**  LUC VAN NGUYEN
**AKA:**

☒ PRESENT
☐ NOT PRESENT

| CASE NUMBER (S) |
|---|
| SC 42149 | - A |
| | - B |
| | - C |
| | - D |
| | - E |

**COMMITMENT TO STATE PRISON**
**ABSTRACT OF JUDGMENT**

AMENDED
ABSTRACT ☐

FILED
SAN MATEO COUNTY

NOV 1 0 1998

Clerk of the Superior Court
By _____

DATE OF HEARING
(MO) (DAY) (YR)
10 26 98

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

THIS IS ATTACHMENT PAGE NO. ___3___

SENTENCE RELATION

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | TERM IM.H-B | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NONVIOL | MIDTERM PER 667.6(C) CC-RDSN #4 | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | NOT TRIAL | COURT TRIAL | PLEA | | | | | | | YEARS | MONTHS |
| 32 | PC | 288(C)(1) – LEWD ACT UPON CHILD | | 95 | 9 | 25 | 98 | X | | | | | | | | X | | |

TOTAL  0  0

2. ENHANCEMENTS charged and found true, TIED TO SPECIFIC COUNTS (mainly in the 12022 series) for counts listed on this page.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

TOTAL

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
| | | | | | | | | | | |

4. TOTAL TIME IMPOSED ON THIS ATTACHMENT PAGE:    0  0

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT**
ATTACHMENT FORM DSL 290-A

Form Adopted by the
Judicial Council of California
Effective April 1, 1992

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

532

CASE NO. SC042149 A          DATE: 11/03/98          TIME: 09:00          DEPT.: 5

PEOPLE VS. LUC VAN NGUYEN

JUDGE:    MARTA S DIAZ, JUDGE          CLERK:        TAMMY MAGILL
REPORTER: JANICE SCOTT                 2ND CLERK:    NONE
D.A.:     NONE                         DEFENSE CO:   NONE

PROCEEDINGS: FURTHER PROCEEDINGS

```
CHARGES: 1. PC 245(A)(1) W/PC 1192.7(C)(23)
         2. PC 245(A)(1) W/PC 1192.7(C)(23)
         3. PC 273D W/PC 1192.7(C)(23)
         4. PC 273A(A) W/PC 1192.7(C)(23)
         5. PC 261.5(C)
         6. PC 261(A)(2) W/PC 1203.065(A)
         7. PC 245(A)(1) W/PC 1192.7(C)(23)
         8. PC 273D W/PC 1192.7(C)(23)
         9. PC 273A(A)
        10. PC 261(A)(2) W/PC 1203.065(A)
        11. PC 261.5(C)
        12. PC 261(A)(2) W/PC 1203.065(A)
        13. PC 261.5(C)
        14. PC 261.5(C)
        15. PC 261(A)(2) W/PC 1203.065(A)
        16. PC 261.5(C)
        17. PC 261(A)(2) W/PC 1203.065(A)
        18. PC 261.5(C)
        19. PC 261(A)(2) W/PC 1203.065(A)
        20. PC 261.5(D)
        21. PC 288(C)(1)
        22. PC 261(A)(2) W/PC 1203.065(A)
        23. PC 261.5(D)
        24. PC 288(C)(1)
        25. PC 261(A)(2) W/PC 1203.065(A)
        26. PC 261.5(D)
        27. PC 288(C)(1)
        28. PC 261(A)(2) W/PC 1203.065(A)
        29. PC 261.5(D)
        30. PC 288(C)(1)
        31. PC 261(A)(2) W/PC 1203.065(A)
        32. PC 288(C)(1)
        33. PC 288(C)(1)
        34. PC 288(C)(1)
        35. PC 288(C)(1)
```

53

CASE NO. SC042149 A      DATE: 11/03/98      TIME: 09:00      DEPT.: 5
PEOPLE VS. LUC VAN NGUYEN

          36. PC 288(A)

---

ON OCTOBER 26, 1998, THE COURT NEGLECTED TO SENTENCE ON
     COUNT 32.  COUNSEL AND DEFENDANT WAIVED THEIR RIGHT TO
     BE PRESENT WHEN THIS WAS PLACED ON THE RECORD.  A COPY
     OF THE MINUTE ORDER WILL BE SENT TO BOTH DDA LISA NOVAK,
     AND DEFENSE COUNSEL PAT CONCANNON.

SENTENCE AS TO COUNT 32 STAYED/STRICKEN.  REASON:
     PURSUANT TO PC 654.

ALL OTHER ELEMENTS OF SENTENCE REMAIN AS STATED ON
     OCTOBER 26, 1998

ENTERED ON CJIS BY TAMMY DATE 11/03/1998.

Appendix: F        534

**FILED**
SAN MATEO COUNTY

DEC 2 2 1998

Clerk of the Superior Court
By _____
DEPUTY CLERK

1 | Luc Van Nguyen
California Department of Corrections
2 | San Quentin, California

3

4

5 | Attorney for Defendant In Pro Per

6

7

8 |           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |              IN AND FOR THE COUNTY OF SAN MATEO

10 | THE PEOPLE OF THE STATE OF CALIFORNIA, )

11 |           Plaintiff and Respondent,      )        No. SC 42149

12 | vs.                                       )        NOTICE OF APPEAL

13 | LUC VAN NGUYEN                            )

14 |           Defendant and Appellant        )

15 | _____ )

16 | Defendant hereby appeals from the judgment rendered on October 26, 1998, of the San Mateo Supe

17 | Court.

18 | The Defendant is indigent and requests the appointment of counsel on appeal.

19 | The grounds for appeal include, but are not limited to, erroneous admission and exclusion of evide

20

21 |                                 *LUC VAN NGUYEN*

22 | DATED: December 22, 1998          *by Patrick S. Concannon*
                                      LUC VAN NGUYEN
23 |                                   Defendant in Pro Per by
                                      Patrick S. Concannon Trial Counsel
24

25

26

27

28

Appendix P

**FILED 5**
**SAN MATEO COUNTY**

DEC 2 2 1998

Clerk of the Superior Court

IN THE SUPERIOR & MUNICIPAL COURT OF THE STATE OF CALIFORNIA
**IN AND FOR THE COUNTY OF SAN MATEO**      DEPUTY CLERK

THE PEOPLE OF THE STATE OF CALIFORNIA,
    Plaintiff/Respondent

                NO: SC42149A

    vs.

                NOTICE OF FILING OF APPEAL

LUC VAN NGUYEN,
    Defendant/Appellant.

Notice is hereby given that a NOTICE OF APPEAL was filed in the above action on
December 22, 1998 from the judgment rendered by the Court on October 26, 1998.

Clerk's transcript to be prepared by Superior Court.
Reporter's transcripts to be prepared by:

LINDA DUNBAR-STREET  JUNE 15, 1998 AND JULY 29, 1998
JANICE TENISI  SEPTEMBER 15,16,17,18,21,22,23,24, AND 25, 1998, OCTOBER 26, 1998
        NOVEMBER 3, 1998.  (EXCEPT VOIR DIRE).

DATED: December 22, 1998

                PEGGY THOMPSON,
                Clerk of the
                Superior & Municipal Court

                By: Cecilia Sanchez
                Deputy Clerk

## AFFIDAVIT OF MAILING

I declare under penalty of perjury that on the above stated date I deposited in the United States Post
Office mail box at Redwood City, California, a true copy of the above notice, enclosed in an
envelope, with the proper and necessary postage prepaid, and addressed to COURT OF APPEAL,
STATE OF CALIFORNIA, MARATHON PLAZA - SO. TOWER, 303 SECOND STREET, SUITE
600, SAN FRANCISCO, CA 94107.

James Fox, District Attorney, Hall of Justice & Records/Hand Delivered.
LINDA DUNBAR-STREET,JANICE TENISI, Hall of Justice & Records/Hand Delivered.

Executed on the date stated above at Redwood City, California.

                PEGGY THOMPSON,
                Clerk of the
                Superior & Municipal Court

                By:    Cecilia Sanchez
                Deputy Clerk

Appendix. F

STATE OF CALIFORNIA )
                     )   SS.
COUNTY OF SAN MATEO )

I, **PEGGY THOMPSON**, Clerk of the Superior and Municipal Courts, for the County of San Mateo, State of California, do hereby certify that I have compared the papers and documents constituting the foregoing Clerk's Transcript with the original papers and documents in the files in my office in the certain action brought pending in said Superior Court, numbered _____ SC042149 _____ in said files, and that the same are full, true and correct copies of the originals on file in my office in said action including appellant's Notice of Appeal.

**WITNESS** my hand and seal of said Superior Court this day _____ 27TH ____ of _____ JANUARY _____, 1999.

                         **PEGGY THOMPSON, CLERK OF
                         OF SUPERIOR AND MUNICIPAL COURTS
                         OF SAN MATEO COUNTY**

                         By_____
                                 Deputy Clerk

